## L. J. SIGUR *v.* W. H. CRENSHAW.

An action will lie against the incumbent of an office, for the fees and emoluments of the office received by him, after his successor has been duly qualified to act, and after demand made for the surrender of the office.

APPEAL from the Parish Court of East Baton Rouge, *Robertson*, J. *A. M. Dunn*, for plaintiff. *Elam*, for defendant and appellant.

SLIDELL, C. J. This action is brought to recover from the defendant the amount of fees and emoluments alleged to have been received by him as the Register of the Land Office, after the plaintiff, who superceded him, had been duly commissioned and qualified. After an amicable request, to which the defendant refused to accede, the plaintiff proceeded by writ of mandamus to oust the defendant, and obtained a decree in his favor, as reported in 8th Annual, 422.

38

It is said by the defendant that there is no express warrant in our Code of Practice for such an action. This may be true ; but we have no hesitation in sustaining it upon principles of natural justice and equity. The commission of the Governor, which was held to be constitutional and legal, conferred on *Sigur*, upon the fulfilment by him of the legal prerequisites of an oath and bond, the right to exercise the office, and take for his own use the fees and emoluments thereunto pertaining. This, the defendant without lawful right prevented *Sigur* from doing ; and illegally persisting in the exercise of the office, received the fees and emoluments which would have come into the plaintiff's hands. It is a case, therefore, in which the defendant cannot, with a good conscience retain the money, but ought *ex æquo et bono* to pay it to the plaintiff ; and where such a case is presented, and no rule of policy or strict law intervenes to prevent it, a court of justice will lend its aid. We may add that a contrary conclusion would be clearly against public policy. For it would be an encouragement to the usurpation or wrongful retention of public offices, thus frustrating the will of the people, or those to whom they may have delegated the appointing power.

It is no excuse against such a claim that the constitutional question on which the right of office turned was *res nova*, and divided the opinions of the public and the judiciary. Such a consideration may shield the defendant from any moral imputations, but does not touch the legal liability to account to plaintiff for the fees received.

A question is raised from what date the plaintiff is to be considered entitled, as against the defendant, to the fees and emoluments of the office. *Sigur* was commissioned on the 31st March, 1853. He took the oath of office, and executed his bond on 8th April, which bond was approved by the Governor, on the 13th April, 1853. We are of opinion, that although a demand was made upon *Crenshaw* to surrender the office at an earlier day, he was not legally bound to surrender the office, its books and effects, until the latter date. The giving bond to the satisfaction of the Governor was required by the statute creating the office ; and we are not prepared to say that as a faithful public servant, the old incumbent was bound to surrender his office and the property of the State pertaining to it, until the guaranty for his successor's fidelity had been given.

Testing the verdict of the jury by this standard, it seems to be correctly objected by the defendant, that it exceeds the amount of fees and emoluments collected by the defendant after 13th April, 1853, until the actual surrender of the office in the following December, and as the ascertainment of the correct sum upon ths legal basis above stated, involves an examination of the accounts and vouchers in evidence, we shall, unless the parties can agree upon the amount, refer the cause to an auditor.

April —, 1855. The Auditor having made his report, we are satisfied there is no error in the verdict and judgment to the prejudice of the appellant. No answer to the appeal having been filed, it is unnecessary to enquire whether a further (small) amount should not have been allowed to plaintiff.

Judgment affirmed, the costs of appeal (including Auditor's fees, $25,) to be paid by the defendant.