ADONIS PETIT *v.* G. L. ROUSSEAU.

An incumbent of an office who has been defeated by another, in an election for the same office, and contests the right of his opponent, will be responsible to him for the fees of the office pending the contest, should it be decided that such incumbent had no right or claim to hold such office.

APPEAL from the District Court of the Parish of Iberville, *Beale,* J.
    *Samuel Matthews,* for plaintiff and appellee.    R. & II. *Marr,* for defendant and appellant.

MERRICK, C. J.    The point to be decided in this case, will be understood by the following quotation from the brief of defendant's counsel, viz :

" This is an action for the recovery of the fees of the office of Parish Recorder, of the parish of Iberville, received by the appellant pending a contested election.

" The election was held on the 2d of November, 1857 ; and the parties to this suit were the candidates. The plaintiff received a majority of the votes ; and defendant, the incumbent, contested the election. The cause was tried, and a verdict and judgment rendered, on the 10th of February, 1858, in favor of the present plaintiff, declaring him to have been duly elected. The next day the contestant abandoned his right of appeal; and, immediately upon his adversary presenting his commission, he surrendered the office to him.

"The first question that presents itself is, whether the plaintiff can rightfully claim the fees of office pending the contest. In *Borgstede* v. *Clark,* 5 An. 733, this court regarded a suit contesting an election, as a matter of public concernment, and refused to allow costs to the successful party. The statute requires a certain number of voters to sign the petition contesting the election; and it is obvious, as the court held, that it is not analogous to, or subject to the rules which govern ordinary civil suits touching private rights.

" The successful candidate is not entitled to the office until he is commissioned by the Governor. Pending the contest he was not the officer, and was not entitled to the fees. The contestant was the incumbent ; and he was authorized and required to remain in office and to discharge its duties, until his successor was commissioned and qualified. This is precisely what the contestant did, and nothing more.

" It seems to us, therefore, that the only basis of such an action would be a malicious withholding of the office ; and the measure of recovery would be the damage resulting from such a tort.

" In this case no such thing is shown to have existed. The contestant had a right, and the voters who signed his petition had a right, if they believed that the person receiving the majority was not duly elected, to have a judicial inquiry into the legality of the election ; and all the citizens of the parish were interested in seeing that that the person commissioned and inducted into the office had been duly elected. The contestant did nothing to prolong the contest : for on the next day after the verdict of the jury and the judgment of the court were rendered in favor of his adversary, he formally abandoned his right of appeal, and authorized the Clerk to issue the necessary certificate, so that the Governor might commission, forthwith, the successful candidate. It was nothing more, so

far as the record developes the facts, than an honest exercise, by the contestant, of a legal right, in a matter of public concernment, which he abandoned as soon as a verdict and judgment could be had upon that right."

It may be true, as asserted by counsel, that the defendant was honestly of the opinion that his adversary was not entitled to the office, although the returns were in his favor. But it is equally as true, that he was entitled to the office; that the defendant was mistaken, and that by means of the contest, the defendant had secured the emoluments of an office which really belonged to another.

The case seems to come within the principle which governed the case of *Sigur* v. *Crenshaw*, 10 An. 297.

The defendant ought not to be permitted to derive any advantage from a contest which he provoked, and in which the result proved he was in the wrong.

Were a contrary doctrine to prevail, it would be the interest of the incumbent in every lucrative office, to contest the election of his successful opponent. For the emoluments of the office might pay the cost of counsel fees, &c., and leave a large margin of profit. We think that justice forbids that the contestant should derive this advantage from his position over his adversary. He ought to account to the plaintiff for the emoluments which he has received pending the litigation.

The verdict of the jury and judgment of the court gave the plaintiff $450. This was based upon the declarations of the defendant himself. If his statement were erroneous, he ought to have explained the same by more satisfactory evidence. He cannot complain that his own declarations were taken as the best estimate of the amount of fees received by him, while detaining the office without just cause.

Judgment affirmed.

Land, J., absent.