No. 5217.

JOHN T. MICHEL, E. R. CHEVALLEY, SUBROGATED, VS. CITY OF NEW ORLEANS, BENJAMIN CAMPBELL, WARRANTOR.

Plaintiff, as the *de jure* Recorder of the Sixth District of the City of New Orleans during part of the years of 1872 and 1873, has no action against said City for the emoluments of the office paid to the *de facto* officer. His recourse is against the latter, to recover the salary paid to him.

APPEAL from the Superior District Court, parish of Orleans. *Hawkins, J.*

Chas. S. Rice for Plaintiff and Appellant.

First—The *de jure* officer, though prevented by the officer *de facto* from performing the duties, is, nevertheless, entitled to the *salary* of the office.

Second—The City of New Orleans, which elects a person to fill an office, knowing that another person has been lawfully appointed by the Governor, is liable to the officer *de jure* for the salary of the office.

Third—The payment of the salary for a part or all the time, during which the *de jure* officer was deprived of his office, to the *de facto* officer, is no defense to a suit for his salary brought by the *de jure* officer against the City.

E. Howard McCaleb, City Attorney, for Defendant and Appellee.

First—The right to draw the salary affixed to a municipal office grows out of services actually performed ; and an officer, who has been kept out of his office, and not performed his duties, cannot maintain an action against the city to recover the amount accruing from the office. Smith vs. New York, 37 N. Y. 518 ; Hadley vs. Mayor, 33 N. Y. 603 ; Benoit vs. Wayne Co., 20 Mich. 176 ; Dolan vs. The Mayor, 68 N. Y. 276.

Second—Plaintiff's right of action, if any he has, exists against Campbell, the intruder, who discharged the duties and received the fees of the office of Recorder, herein sued for. Glasscock vs. Lyons, 20 Ind. 1 ; Douglass vs. State, 31 Ind. 479 ; Dorsey vs. Smythe, 28 Cal. 21 ; Stratton vs. Oulton, 28 Cal. 44 ; City vs. Given, 60 Penn. St. 136 ; Allen vs. McKean, 1 Sumn. 117 ; State vs. Sherwood, 42 Mo. 179 ; People vs. Miller, 24 Mich. 458 ; Petit vs. Rousseau, 15 A. 239 ; George vs. Tucker, 27 A. 67.

Third—At all events, it is now too late for plaintiff to complain. He should have prevented the city from paying and Campbell from receiving the salary, pending the suit brought under the "*intrusion act.*" Rev. Statutes 1870, Sections 2593 and 2600.

Fourth—The city could not have successfully resisted payment of the salary claimed by plaintiff to Campbell, he being the incumbent *de facto*, and as such entitled *prima facie* to the emoluments of the office. High's Extraordinary Remedies, *Mandamus*, § 108 ; State vs. Clark, 52 Mo. 508 ; State vs. Draper, 48 Mo. 213 ; 50 Mo. 353.

———

The opinion of the Court was delivered by

POCHÉ, J. Plaintiff sues the City of New Orleans for his salary as Recorder of the Sixth District, from the 20th of September, 1872, to the 20th of May, 1873, at the rate of $2500 per annum, and for the sum of three hundred dollars as damages for expenses incurred for the recovery of his salary.

He alleges his appointment to the office by the Governor of the State, to fill a vacancy occasioned therein by the failure of the City Council to elect an incumbent to the office on the 4th of April, 1872, at which time the term of office of Benj. Campbell, then in possession, had expired, under the law creating that office.

He charges that, notwithstanding his appointment and his readiness to fill the office, and notwithstanding his demands for the same, Benj. Campbell, acting under color of an election thereto by the City Council, on the 24th of September, 1872, refused to surrender the office, which he continued to hold until it was abolished, in May, 1873, receiving the

emoluments due for the same from the City Treasurer, for all of said time, with the exception of the last three months.

The city for answer, denies any liability to plaintiff for the emoluments attached to said office, which was never filled by plaintiff, and which emoluments were paid to Benj. Campbell, the officer *de facto*, and whom it calls in warranty.

The call in warranty was dismissed by the lower court, and judgment on the merits was rendered in favor of the city, dismissing plaintiff's action, and he has appealed. The city appeals from the decree dismissing her call in warranty.

The facts of the case are, that under the law providing for the election of six recorders for the term of two years, Benj. Campbell was elected Recorder of the Sixth District, on the 4th of April, 1870 ; that, at the expiration of his term, no election having been held to select his successor, he continued to hold over until he was re-elected for another term on the 24th of September, 1872 ; and that he continued to hold the office until it was abolished, on the 20th of May, 1873.

It appears that, on the 20th of September, 1872, the Governor of the State, hearing of the omission of the City Council to elect a Recorder, in April of that year issued a commission for the same office to plaintiff, who at once demanded the office, but was refused.    Through the Attorney General, he then instituted suit against Campbell, under the act known as the intrusion-into-office act, in which suit he finally obtained a judgment in his favor, rendered by this Court in April, 1873, only a few days before the office was abolished by law.  25 A. 340.

The record shows that, with the exception of the months of March, April and May, 1873, the emoluments were all paid by the city to Benj. Campbell, who was discharging the duties of the office.

Two questions are, therefore, presented for our consideration :

First—Can plaintiff, the *de jure* officer, recover of the city the emoluments of the office, which were paid to the *de facto* officer ?

Second—If not, is he entitled to recover that portion of the emoluments attached to the office which has not been paid to the intruder ?

We are of the opinion that the city having paid the emoluments of the office to the officer *de facto*, while he was in possession and discharging the functions thereof, cannot be held liable to the *de jure* officer for the same salary, after he has acquired possession or has been decreed lawfully entitled to the office.

It is contended that in this case the intruder was encouraged and maintained in possession through the wrongful acts of the City Council, who illegally elected him when there was no vacancy in the office by reason of the Governor's appointment of plaintiff four days previous to the pretended election held by said Council.

But the question as to what authority in the State had the power to fill such a vacancy in a municipal office under the law of 1870 was very doubtful, and the City Council could, and, doubtless, did, honestly believe that such power was vested in their body and not in the Executive of the State. The problem was indeed of such doubtful solution, that we find a dissenting opinion of considerable force from the decree rendered in the Supreme Court in favor of plaintiff. The city Council, until checked by judicial interposition, had, therefore, reasons to believe that the election of September, 1872, by that body was legal and conclusive, and consistently they could not resist the claim of their own appointee, in possession and in the exercise of the functions of the office, for the payment of his salary pending the contest between himself and plaintiff.

Sound public policy dictates the wisdom and the necessity of paying the salary of the officer in possession of the office and performing functions required for the protection of society and the maintenance of peace and order, and after this duty is performed, both law and equity forbid that the city or State be compelled to account for the same salary to any other party who may subsequently be decreed as the proper officer.

Several provisions contained in the very act on which plaintiff founded his action, clearly point out the remedy which he should have used for the protection of his rights to the emoluments of the office pending his contest.

We are clear that under our laws the right of the *de jure* officer in such a case must be exercised against the intruder for the recovery of fees or of the salary of the office, and no recourse exists against the State or city for such salary as was paid to the *de facto* officer. 15 A. 239 ; 27 A. 67. But as to that part of the salary which is shown not to have been paid to Campbell, we are equally clear that plaintiff having been judicially recognized as the lawful incumbent is entitled to recover all of such emoluments as were due and remain unpaid for any part of the term of the office which was decreed in his favor. The very reasons which militate against him on the first branch of his case, lead to a favorable conclusion on the second branch. For the very reason under which he could recover of the intruder the fees or emoluments paid to him during the occupancy of the office and the discharge of the functions, although the *de jure* officer had not and could not have performed the duties, while he was excluded from the office, it follows that he is entitled to recover such emoluments as have not yet found their way into the hands of the intruder and which are appropriated and due for said office. This right not only rests on reason and logic, but is affirmatively recognized by our law. R. S. 2600.

Michel vs. City of New Orleans.

The statement, submitted by the city on the trial, shows that the following amounts are due on account of the salary attached to this office, and not paid to Campbell or any one else, to wit : the sum of $175 for each of the months of March and April, 1873, and $99 16, for part of the month of May of the same year, and these sums are legally due to plaintiff. The view which we have taken of the case dispenses us from the necessity of considering the appeal of the city from the judgment dismissing the call in warranty. The damages claimed by plaintiff cannot be allowed.

It is, therefore, ordered, adjudged and decreed that the judgment of the lower court be amended in so far as it rejects plaintiff's claim for the salary due and unpaid for the months of March, April and part of May, 1873, for which the sum of four hundred and forty-nine 16-100, dollars is hereby decreed in his favor, to be paid by the city; and that in all other respects said judgment be affirmed ; and it is finally ordered that the defendant pay the costs of both courts. ·