Guillotte vs. Poincy.

---

## No. 10,307.

### HENRY GUILLOTTE vs. L. A. POINCY.

| 41 | 333 |
|---|---|
| 45 | 675 |
| 41 | 333 |
| 51 | 1111 |
| 41 | 333 |
| 51 | 1101 |
| 41 | 333 |
| 115 | 590 |
| 115 | 596 |
| 115 | 597 |
| 41 | 333 |
| 119 | 883 |
| 120 | 635 |
| e120 | 640 |

1. Under the law of this State an action to determine a disputed title to a public office can only be brought in the manner prescribed by the statute, viz: In the name of the State, by the Attorney General, or a district attorney, on his own information, or on the information of another who may be then joined as plaintiff.

2. Proceedings by injunction cannot be used as a means of determining disputed title to office; but they may be properly used to protect the possession of officers de facto against the interference of claimants whose title is disputed until the latter shall establish their title by the judicial proceeding provided by law.

3. The statutes on the subject of intrusion into office clearly contemplate that the claimant of the office is the necessary plaintiff in the action thereby provided and that the officer de facto in actual possession is the necessary defendant.

4. The claimant cannot take the law in his own hands and, with the assistance of others, practically oust the incumbent in advance of judicial determination of the disputed right, and he and such others may be properly enjoined from such interference until the dispute shall be judicially settled.

APPEAL from the Civil District Court for the Parish of Orleans. *Voorhies, J.*

Guillotte vs. Poincy.

*Lionel Adams, A. L. Tissot* and *H. L. Lazarus* for Plaintiff and Appellee.

1. The manner of fixing causes for trial in the Civil District Court is set out in Act 23 of 1882.

2. Injunction cases must be placed, as soon as they are at issue, on the summary docket from which the cases are required to be called in their order.

3. Cases which are required by Act 39 of 1880 to be placed on the summary docket cannot be fixed on motion. Rules Civil District Court, rule 9.

4. Act 23 of 1882 amends and reenacts Act 39 of 1880.

5. The actual incumbent of an office can only be removed or his title questioned and determined by an action brought by the Attorney General in the name of the State. R. S., §§ 2593, 2594; Cramer vs. Brown, 26 Ann. 272,

6. But while title to public office cannot be tried by injunction proceedings, yet pending a contest, the officer *de facto* is entitled to be protected from interference with his profession and with the exercise of the functions of his office. High on Injunction, 1315.

7. The article of the Constitution which confers upon the Governor the power to fill vacancies happening during the recess of the Senate does not extend to cases of vacancies occurring previous to or during the sessions of that body. State *ex rel.*, etc., vs. Rareshide, 32 Ann. 939.

*P. E. Théard & Sons* and *Omer Villeré* for Defendant and Appellant:

The test of the right to dissolve an injunction on bond is whether the damage resulting from the act sought to be prohibited is compensable in money. C. P. Art. 307; 32 Ann. 1195; 34 Ann. 1181; 37 Ann. 111.

The test is the same when the injunction prohibits the taking possession of a public office, or the exercise of its functions. 37 Ann. 111; 36 Ann. 832.

The sworn allegation that the injury sustained will be irreparable is not binding on the court. The irreparability *vel non* of the injury is a matter of fact to be ascertained by the court from all the allegations of the petition. 33 Ann. 930, 495; 34 Ann. 1181; 32 Ann. 1195.

An action to determine the conflicting claims of two individuals to the office of flour inspector, for the city and port of New Orleans, must be instituted in the name of the State on the information of the Attorney General. Plaintiff cannot stand in court alone and unassisted by the State. R. S. §§ 2593, 2594; Cramer vs. Brown, 26 Ann. 272; 21 Ann. 710, 655; 33 Ann. 493, 263, 709; 25 Ann. 364; 30 Ann. 64; 21 Ann. 18; 23 Ann. 787.

Injunction is not the proper remedy to try title to a public office. High on Inj., §§ 798, 799; High's Extra Rem., § 619; 47 Penn. 103; R. S. §§ 2593, 2594.

The Constitution of 1879 vacated all offices. Since its adoption, the terms of all officers in the Parish of Orleans, unless otherwise provided, must be computed from the first Monday of August, 1880, at which time only the first officers appointed under the Constitution were inducted in office. Wilson vs. Wiltz, 32 Ann. 688; Constitution of 1879, Arts. 258, 259, 265, 266.

The Governor has the power to fill during the recess of the Senate all vacancies, occurring by any cause whatever; hence, he can fill a vacancy occasioned by the removal of an officer. R. S. §§ 1577, 2606; 33 Ann. 446.

The Governor has the power to remove for cause any officer, whose appointment is vested in him. He is the sole judge of the existence of the cause, and his action, when he removes, is not subject to correction or revision by the judiciary. R. S. §§ 1829, 1850; Acts of 1877, p. 194, Extra Session; 33 Ann. 452; 25 Ann. 396; 26 Ann. 537.

Where the power to remove is lodged in the hands of the Governor, the appointment of a successor *vice* the incumbent of an office is *per se* an express exercise of that power, and

the appointment made during the recess of the Senate to fill the vacancy is valid. 13 Peters 230; Manning's Unrep. Cases, p. 74; 19 Ann. 211; 25 Ann. 396. Hence when the determination of a contest for an office depends solely upon two commissions, the one bearing the later date must prevail. 25 Ann. 396.

The opinion of the Court was delivered by

FENNER, J. Simplified and shorn of redundancy, the averments of plaintiff's petition are to the substantial effect: that he is the actual incumbent, duly appointed, commissioned and qualified, of the office of member of the Board of Flour Inspectors for the City and Port of New Orleans; that he is entitled, under the Constitution and laws of the State, to continue in the enjoyment and exercise the functions of his said office until his successor is duly appointed and qualified; that the said board is composed of five members, a majority of whom constitute a quorum, and that under its organization the revenues and receipts constitute a common fund placed in the custody of a member appointed as treasurer, whose duty it is to account for the same monthly to the board, and after deduction of expenses, to divide the same equally among the members; that the defendant, acting under the pretended authority of an invalid appointment by the Governor of the State, unless restrained by injunction, will present himself to the other members of said board for recognition as a member thereof, and that the said members, unless also restrained, will grant him such recognition and will admit him, as such member, to the discharge of the duties of said office and to participation in the emoluments thereof, to the irreparable injury of plaintiff; that pending the judicial determination of the disputed right to said office, plaintiff, as the actual incumbent thereof, is entitled to be protected in his possession, and that defendant and his fellow-members of the board should be enjoined from any action interfering therewith or infringing his rights of discharging the duties and receiving the emoluments of said office, "until such time as the disputed right thereto shall be judicially determined, after proper proceedings in due course of law."

The defendant, Poincy, excepted on two grounds: 1. That plaintiff could not stand judgment without the assistance of the State; 2. that the petition disclosed no cause of action, in this, that the title to public office cannot be tested by injunction.

The exceptions attribute to the action a character which, clearly, it does not possess, viz: the character of an action to determine a disputed title to a public office. If it were such an action, nothing can be better settled than that, under the laws of this State, it could only be

brought in the name of the State by the Attorney General (in the parish of Orleans) on his own information, or on the information of any other person interested, and who may be joined as plaintiff therein. R. S. Secs. 2593 *et seq*; Hayes vs. Tnompson, 21 Ann. 655; State vs. Delassize, *id.* 710; Osgood vs. Black, 33 Ann. 493.

It is a corrollary of the above principle that an injunction is not a proper remedy to try title to public office. High on Inj. (2nd Edition) § 1312–3.

But from the statement given above, it is quite apparent that this action does not invoke any decision upon the question of the disputed title to the office. Plaintiff says simply: "I am the actual incumbent in possession of the office to which I claim to be legally entitled; defendant, claiming under a title the validity of which I dispute, is seeking to oust me extra-judicially, in which effort he will have the aid of my fellow-members on the board; and I ask judicial aid to protect my incumbency and possession, until defendant shall, in due course of judicial proceeding, establish his right and title."

Such an action falls within a well recognized branch of relief by injunction. The doctrine is announced by Mr. High as follows: "While courts of equity uniformly refuse to interfere by the exercise of their preventive jurisdiction to determine questions relating to the title to office, they frequently recognize and protect the possession of officers *de facto*, by refusing to interfere with their possession in behalf of adverse claimants, or, if necessary, by protecting such possession against the interference of such claimants * * * And the granting of an injunction in such case in no manner determines the question of title involved, but merely goes to the protection of the present incumbents against the interference of claimants out of possession, and whose title is not yet established." High on Inj., 2nd Edition, § 1315.

This doctrine is in the interest of social peace and order, and conforms to the object and policy of the law in all remedial provisions for the settlement of disputed rights, which always respect and maintain the *status quo* until the controversy shall be settled in orderly course of judicial procedure.

Plaintiff is undoubtedly the *de facto* officer, because he "claims the office and is in possession of it, performing the duties under color of an appointment." 5 Wait, Actions & Def., p. 7 § 9; Buckman vs. Ruggles, 15 Mass. 180; Com. vs. McCombs, 56 Penn. et. 436; State vs. Howe, 25 Ohio et. 588; Braidy vs. Theritt, 17 Kansas 468.

Such an officer cannot be dispossessed by a third person whose title

Guillotte vs. Poincy.

he disputes until the latter shall first try the disputed right.  Brady vs. Sweetland, 13 Kan. 41; Palmer vs. Foley, 45 How. (N. Y.) 110.

·  · The law of Louisiana has provided a very effective and summary remedy by which persons legally entitled to assume an office, when opposed by a *de facto* officer in possession, may provoke a speedy determination of their right and, if maintained, the prompt dispossession and ouster of the usurping holder.  Rev. Stat., §§ 2593 *et seq.*

The whole purpose and tenor of the statute conclusively indicate that the proper party plaintiff in the action provided is the party claiming the office as entitled *de jure*, and the necessary defendant is the officer *de facto* who holds and possesses it and who is claimed to be an usurper and intruder.

The contention of the defendant that Guillotte, who is the actual incumbent enjoying possession and exercising the functions of the office, is bound to bring the action of ouster against defendant, or could even be listened to as plaintiff in such an action, unless he had first surrendered the office to Poincy, is totally untenable and inconsistent with the statute.

The case of Cramer vs. Brown, 26 Ann. 272, relied on by defendant, is entirely inapplicable, because the statement in the opinion shows that, though the plaintiff therein had been the prior incumbent, the defendant alleged that he had entered upon the duties of the office with the consent of plaintiff and had been in the unmolested exercise thereof from June 16th, 1873, up to the institution of the suit; so that it was an action against an officer *de facto*, and should properly have been brought under the intrusion act.

In all suits of this nature which have come before this Court, the defendant has always been, as he must necessarily be, the officer *de facto*, either by prior incumbency or by successful intrusion into, or usurpation of, the office.

The object of the present action is not to oust an usurper or intruder, but to prevent such usurpation or intrusion in advance of judicial determination of the disputed right.

We carefully abstain from any expression of opinion upon the disputed title to this office.

We simply hold that the plaintiff is the officer *de facto* in actual incumbency and possession, and that, if he be an usurper and intruder, the plain course pointed by the law to the defendant is to bring his action of ouster, wherein his right may be recognized and enforced.  He cannot take the law in his own hands and, with the assistance of others,

effect a practical ouster of plaintiff, in advance of judicial settlement of the rights of the parties.

The record shows that plaintiff's apprehension of disturbance is well founded. It appears on the face of the pleadings that defendant claimed the right to enter into office as a member of the board, and that the remaining members of the board, but for the injunction, would have recognized his right and have admitted him as such member.

Against such action, we think the plaintiff was entitled to relief by injunction, in order to preserve the *status quo* until the right shall be judicially determined, which is the extent to which the injunction should go.

Abuse of this remedy by officers *de facto* will be guarded against by the exercise of judicial discretion, which would refuse injunction unless serious showing of apparent right were made, as is certainly done in this case.

In his reasons for judgment, the judge *a quo*, to some extent, passes on the question of title, and his judgment is defective in not inserting the limitation just mentioned which was expressly embodied in the relief prayed for. In this respect it requires amendment.

It is, therefore, ordered and decreed that the judgment appealed from be amended by reserving the right of defendant, Poincy, to proceed judicially for the establishment of his claims, and by limiting the injunction to endure only until such judicial determination in his favor; and, as thus amended, that it be now affirmed; appellee to pay costs of appeal.