No. 10,856.

43 1185
45 535
43 1185
111 245

THE STATE EX REL. A. S. COLTHARP VS. HENRY B. HOLMES ET AL.

1. Unless it is made evident that jurisdiction has been usurped, the court will not exercise its prohibitive authority.

2. The successful claimant has a right to the emoluments and perquisites where an incumbent illegally holds possession by means of judicial proceeding.

3. An allegation predicated upon that right, accepted by the Court of Appeals as sufficient, in a matter of jurisdiction, will not be declared insufficient and the proceeding treated as absolute nullity, by issuing a writ of prohibition.

State ex rel. Coltharp vs. Holmes et al.

APPLICATION for Prohibition.

*F. P. Poché, Thomas P. Clinton* and *Chas. J. Boatner* for the Relator.

*W. H. Rogers,* Attorney General, and *J. G. Hawkes* for the Respondents.

The opinion of the court was delivered by

BREAUX, J.   The State ex rel. H. B. Holmes brought suit in the Parish of Madison, before the Eighth Judicial District Court, against A. S. Coltharp, under the intrusion into office act, contesting his right to hold the office of Commissioner, for that parish, on the Board of Commissioners, of the Fifth Louisiana Levee District.

He avers in his petition that he was commissioned on the 10th day of July, 1890.

That he duly qualified by taking the oath of office and fulfilling every requirement of the law, and is now and has been since said appointment ready and willing to serve in said office, to which he has a *de jure* right.

That the defendant usurps, intrudes into and unlawfully holds, and exercises the duties thereof.

He also avers, that the perquisites and emoluments of said office, during the term of said appointment, expiring about the 1st May, 1892, are worth annually about $60.

The defendant in said suit, the relator in the application for a writ of prohibition, filed a peremptory exception of no cause of action. It was sustained by the District Court and the suit was dismissed.

The relator, Holmes, appealed to the Court of Appeals, Second Circuit.

The defendant, Coltharp, moved to dismiss the appeal on the ground that the Appellate Court was without jurisdiction, *ratione materiæ,* for the reason that the amount in dispute was less than $100.

The motion was overruled in March last, and the judgment of the District Court reversed, and the case remanded for trial.

In May the trial was stayed, by a rule to show cause, issued in matter of the application under consideration.

For the purpose of the trial before the District Court, also on ap ·

State ex rel. Coltharp vs. Holmes et al.

peal, the plaintiff in exception admitted the verity of relator's petition, not one of the allegations of which is traversed.

A question of law was presented.

The plaintiff, in exception, now contends that by referring to Section 3 of Act 44, of 1886, it will be found that no fixed salary, either per month or per annum, is attached to the office of commissioner on the board of said Levee District, the provision on the subject being as follows:

"The commissioners shall receive a salary of $4 per day each during the period they are in actual attendance upon the board, and 10 cents a mile, going and coming, to be paid out of the funds of the Levee District;   *   *   *   and a like salary shall be paid for each day the president and other commissioners shall serve in supervising the location, construction and repairs of levees, as now provided by said board."

The presumption sought to be drawn, that if the commissioners be not called upon to supervise the location, construction and repairs of any levee, during any given year, the emoluments would be considerably less than $60 per annum, can not affect the jurisdiction and prevail against the admission made by the plaintiff in exception, for the purpose of the trial of his exception.

The issue resolves itself into a question of time.

If the emoluments and perquisites per annum should date, under the allegation of the petition from December, 1890, i. e., the date suit was brought, and not from July, 1890, i. e., the date Holmes was commissioned, the Court of Appeals was without jurisdiction; but if, from the latter date, it properly exercised its jurisdiction.

Only when it is made evident that jurisdiction has been illegally assumed, this court will interpose its prohibitive authority.

With reference to the question raised about the right to recover any fees or emoluments at all, and the consequent insufficiency of an allegation predicated on that right, to establish jurisdiction, we find an answer in two cases in which it has been decided that, during the contest, the contestant has no right to the fees and emoluments of the office, although no service has been rendered by the contestant, who was not permitted to discharge the functions of the office. 15 An. 239;  10 An. 297.

We do not find cause to set aside the decree of the Court of Appeals, or to treat it as a nullity, by granting the writ prayed for.

Relator's application for a writ of prohibition is rejected, and his petition is dismissed.

### CONCURRING OPINION.

FENNER, J.   The case involves the question of the jurisdiction of the Court of Appeals, over an appeal taken to that court in a case involving the title to the office of member of the Board of Commissioners for the Fifth Louisiana District.

In such cases the jurisprudence is uniform, that the test of appellate jurisdiction is the pecuniary value of the office, which means the amount of salary, fees or emoluments attaching thereto.   State ex rel. Buckner vs. Jastremski, 33 An. 110; State ex rel. Newman vs. Hayler, 32 An. 1135;   Hubert vs. Auvray, 6 La. 598; 21 An. 18, 108, 743; 22 An. 49.

The petition in the suit alleged that Holmes, the plaintiff, " was on the 11th day of July, 1890, duly commissioned by the Governor * * * and has duly qualified under said commission by taking the oath and fulfilling every requiremert of the law, * * * and is now, and ever since said appointment has been, ready and willing to serve in said office.   Also, " that said Coltharp, without any legal right thereto, unlawfully possesses said office and refuses to deliver up the same, although amicable demand has been made for the same."

The petition contained the further averment " that the perquisites of said office during the term of said appointment, expiring about May 1, 1892, are worth annually about $60."

This allegation is not contradicted in any manner.   The case in the District Court was met by an exception of no cause of action, which admitted the allegations of the petition.   From a judgment sustaining that exception, the appeal was taken to the Circuit Court of Appeals, and the question before us is whether the court exceeded the bounds of its jurisdiction in taking cognizance of the appeal.

If the perquisites of the office during the term in contest exceeded $100, the Circuit Court had jurisdiction.

It is claimed, however, that the petition does not fix the date at which Holmes qualified.   The allegation is that he " had duly qualified by taking the oath and fulfilling every requirement of law."

State ex rel. Coltharp vs. Holmes et al.

The law required that he should qualify within thirty days after his appointment, under penalty of vacation of his office. Act 19 of 1878; State ex rel. Lemonnier vs. Beard, 34 An. 276.

If he fulfilled this requirement as alleged, he qualified before August 11, 1890, and the interval between this date and the expiring of the term would be more than twenty months, and the perquisites at $60 per annum would exceed $100.

As matter of fact, the pleadings and admissions in Goldman vs. Gillespie, decided by us at this term, and to which we are referred by relator, indicate that he had qualified before August 16, 1890, when that suit was filed.

It is urged, however, that the nature of the perquisites allowed by the law, being only the per diem for actual attendance at meetings of the board, and for actual service in supervising levees, is such as to exclude Holmes from any interest therein when he has not actually rendered the services. This objection is disposed of by two cases, in which it was held that fees earned by the de facto incumbent of the offices of parish recorder and register of the land office, being only fees for actual personal services performed, were recoverable by the successful contestant. Sigur vs. Crenshaw, 10 An. 297; Petit vs. Rousseau, 15 An. 240.

We do not now determine that Holmes, if successful, would have the right to recover these perquisites; but only that his asserted right thereto is serious and plausible, and that the jurisdictional allegations based thereon can not be regarded as so manifestly fictitious and unfounded that they can be disregarded.

Finally, it is urged, the Act 44 of 1886 provides that the commissioners shall hold "during the term of the executive appointing them, and until their successors are appointed, qualified, and inducted into office;" whence it is claimed that Holmes' title to the perquisites could not begin until he had been "inducted into office." But this claim does not lie in the mouth of relator, who restrained Holmes from taking any steps to induct himself, by a judicial injunction. If, in the final decision of this contest, it should be held that Holmes' title to the office was good (on which point we insinuate no opinion), the remarks of the court in Petit vs. Rousseau would apply: "The defendant ought not to be permitted to derive any advantage from a contest which he provoked, and in which the result proved he was in the wrong. Were a contrary doctrine to

prevail, it would be the interest of the incumbent in every lucrative office to contest the election of his successful opponent.    We think that justice forbids that the contestant should derive this advantage from his position over his adversary.    He ought to account to plaintiff for the emoluments which he has received pending the litigation."    Holmes' failure to be inducted being not his fault, but owing to the act of relator, the latter could not be listened to in urging it.

We are bound to respect the discretion of the Circuit Court in determining questions affecting its own jurisdiction, and should not annul its judgments except on the clearest possible showing of manifest error.   Such showing is not made in this case.

It is a satisfaction to know that this conclusion does not determine the contest, but only reinstates it for determination on the merits.

DISSENTING OPINION.

McENERY, J.   The Court of Appeals has no jurisdiction *ratione materiæ* of this case.

This court has enunciated the following principle, and until this case has, invariably, without turning a hair breadth [from it, affirmed it.

Jurisdiction must be tested by the pecuniary amount involved, as shown by the pleadings, and as appearing from the nature of the action, and not by the jurisdictional allegations or affidavit of the appellant.

The substantive allegations in the pleadings, not the alleged opinion of litigants, are to be considered in all questions of jurisdiction.

No allegation and no affidavit can create an appealable amount of interest in a litigation, which from its very nature and essence can not involve a pecuniary amount in dispute equal to the lower limit of the jurisdiction of the appellate tribunal.   Buddig. vs. Baldwin, 38 An. 394; Hite vs. Hinsel & Tallieu, 39 An. 113; Schwartz vs. Firemen's Ins. Co., 41 An. 404.

In the last case cited we said: "In construing jurisdictional allegations we must be guided by the real pecuniary interest affecting the parties to the litigation as disclosed by the pleadings taken as a whole, and not by strained allegations of pecuniary interest which could never be judicially ascertained and determined."

This is not a suit for fees or salary of an office, and in this respect

differs materially from Sigur vs. Crenshaw, 10 An. 297, and Petit vs. Rousseau, 15 An. 239.

This suit is under the intrusion into office act, in which the plaintiff, Holmes, seeks to recover an office, to which no fixed fees or salary are attached.

The law creating the Fifth Levee District allows a *per diem* to the commissioner when he attends to the session of the board. The present incumbent may not attend any session of the board, and may not earn his *per diem*. Holmes, therefore, if successful, could only recover, if permissible, money for the number of days for the personal attendance of the present incumbent.

This court can have, under the present proceedings, no means of ascertaining the number of days that the present incumbent may attend the session of the board, and the amount of money he may earn.

Holmes prays to be put in possession of the office, with the revenues thereof. What are the revenues? We do not know. Holmes did not know when he brought his suit, for he does not ask judgment for them, but for reservation for his right to sue for them—when? When he shall have secured possession of the office and ascertained the amount due the present incumbent for personal attendance.

Under the authority quoted, Holmes' allegation that the office was worth about $60 a year, could not give any jurisdiction in the face of the law under which he claims, showing that it is utterly impossible to fix any determinate sum. On what basis was the jurisdictional allegations made? Why for $60 *per annum?* It could have been for $1460 just as well, conjecturing and guessing that the board would sit every day in the year and the commissioners would be in attendance. If it is worth $60 *per annum*, from what date is to be calculated the commencement of Holmes' service? Surely from the date he filed his suit to gain possession of the office. This would bring the amount below the lower limit of the jurisdiction of the Court of Appeals.

It must be borne in mind that there are no fees or salary attached to the office, which the present incumbent would have to surrender to Holmes. It will not be maintained that the present incumbent would have to surrender to Holmes the amount he collected for personal attendance. Legislators are paid *per diem*. Who ever heard of a successful opponent receiving the *per diem* of the ousted mem-

ber? The present incumbent is a *de facto* member of the board, and under no circumstances would be required to pay to Holmes his *per diem* for actual attendance on the sessions of the board.

There is a wide difference between a salary or fees, and pay *per diem*.

Suppose Holmes should eventually be successful, and sue for the amount received by the present incumbent for his personal services; could he obtain a judgment? No; the answer would be that the *per diem* is paid only for personal attendance. Holmes could not say that he attended the sessions of the board, and he could not assert, if he had been admitted to membership of the board, that his attendance would have been the same as that of the present incumbent. A salary goes on whether the officeholder is sick or well, present or absent; fees accumulate to the office and are a part of it, whether the incumbent is sick or well, present or absent.

The very nature and essence of the case shows that the Court of Appeals was without jurisdiction. Therefore the jurisdictional allegations of the plaintiff could not give the court jurisdiction.

Section 2 of Act 44, of 1888, is decisive of the whole question. This section recites that the commissioners appointed shall hold their offices until their successors are appointed, qualified, and *inducted* into office.

The present incumbent was inducted into office in August, 1888; he is entitled to hold the office until his successor is inducted into office. He is, therefore, under the act, not an usurper, and is entitled to the *per diem*, and perquisites, if there were any, until his successor is inducted into office, that is, until he is in full possession of the office.

Under the act creating the Fifth Levee District, Holmes could not claim any sum of money until he had been inducted into office and given his personal attendance at the sessions of the board. That the Court of Appeals has no jurisdiction *ratione materiæ* of the appeal, is to my mind too clear for argument.

I dissent.

Justice Watkins concurs in dissenting opinion.