## McCOLLISTER v. POLICE JURY OF SABINE PARISH.

### No. 6060.

Court of Appeal of Louisiana. Second Circuit.

April 4, 1940.

Rehearing Denied June 10, 1940.

See 197 So. 661.

Edwin M. Fraser, R. A. Fraser, and J. S. Pickett, all of Many, for appellant.

J. Reuel Boone and Olin D. Moore, both of Many, for appellee.

TALIAFERRO, Judge.

Plaintiff was appointed and commissioned a member of the Parish Board of Equalization of the Parish of Sabine by the Governor on April 21, 1938. He sues the Police Jury of the parish to recover compensation alleged to be due him for twenty-eight (28) days' services under said appointment, and for expenses incurred in connection therewith. He alleges that a vacancy existed in the membership of said board at the time of his appointment because the Police Jury had failed to elect the two members thereof as the law requires.

Defendant excepted to the petition as disclosing neither a right nor a cause of action, which was overruled. Defendant denies the material allegations of the petition, particularly those charging that it is due to plaintiff the amount sued for, or any other amount for services as a member of the Board of Equalization; and, further answering, defendant avers that at its regular session on December 15, 1937, two members of said board were elected and commissioned by it, to-wit, J. M. Tatum and J. T. Dees, whose names were promptly certified to the Louisiana Tax Commission; that said Tatum and Dees, since their election, have acted as members of said board, discharged the duties thereof, and have been paid by defendant for their services.

After trial and submission of the case, but prior to decision, defendant filed another exception of no cause and no right of action based upon the following conclusions of law, viz.:

"That plaintiff has established by pleading and proof that he is contestant or claimant to public office, the right, title and possession to which is in dispute.

"That until the contest over the right and possession to said office is determined in a proper proceeding, plaintiff has no claim or right against this defendant for the emoluments of such office."

The exception was overruled.

The court awarded judgment for plaintiff, supporting same with written reasons. Defendant appealed.

. The facts of the case, with one exception, are undisputed. The disputed fact is whether or not Tatum and Dees, in view of the history of the case hereinafter related, have been, since their election, and are now in possession of the office to which elected.

Act No. 231 of 1920 created for each of the several parishes of the state a Parish Board of Equalization. It prescribes that said board shall consist of three members, two of whom shall be elected by the Police Jury and the other by the Board of State Affairs (now Louisiana Tax Commission), the duties of whom are fixed in the act. It is also provided that: "The police jury of each parish * * * on or before January 1, 1921, and thirty days prior to the expiration of the term of the members of the Parish Board of Equalization shall elect two * * * citizen taxpayers to be members of said Board", Section 2, whose names shall be certified to the Board of State Affairs; that they shall be commissioned to serve during the term for which elected "and until their successors are elected and commissioned." The act further provides: "In the event any Police Jury shall fail or refuse to select such members of said Board, as herein required, and certify the fact of such election to the Board of State Affairs, on or before January 1, 1921, and before *the expiration of the term of those whom it elects,* the Governor of the State is hereby empowered and directed to make such appointment, or certificate of the Secretary of the Board of State Affairs of such refusal or failure."

The term of each member is fixed at four years. It is conceded that the terms of the members lastly elected by the Police Jury (prior to December 15, 1937), expired on December 31, 1937; and it is contended by plaintiff that the law is mandatory that their successors be elected thirty days prior to the expiration of their terms; that the failure to do so resulted in vacancies which the Governor only had the right to fill by appointment.

The Police Jury records disclose that Tatum and Dees were elected on December 15, 1937, sixteen days before the expiration of the terms of the two members then in office, who happen to be plaintiff herein and C. W. Tatum, plaintiff in companion suit, Tatum v. Police Jury, 197 So. 307, decided by this court today. Their names were certified to the Louisiana Tax Commission five days later. Each qualified on May 2, 1938, by subscribing the proper oath. This was the first Monday of that month, the date the law requires that the boards shall meet in the parish seats and begin the performance of their duties,

viz., "examine the assessments of property as fixed by the Assessor * * * and shall equalize the assessments" in the manner set out in the act. On this date, said members, with J. H. Ricks, the third member, met in the courthouse and organized. Ricks was elected chairman. This board, as thus constituted, functioned until May 6th. On that date plaintiff and C. W. Tatum, appointees of the Governor, appeared, produced their commissions, and qualified as members of the Parish Board of Equalization for Sabine Parish.. They also elected Mr. Ricks as chairman of the board of which they were members. Ricks, on advice of the Louisiana Tax Commission, recognized the Governor's commissions and served with his appointees until their labors for the year were concluded. They made report of their actions to the Louisiana Tax Commission and to the Police Jury.

J. M. Tatum and J. T. Dees, notwithstanding desertion by their chairman, continued to function as a board and made report of their work to the Louisiana Tax Commission and to the Police Jury as the other board had done. The Police Jury recognized them as constituting the legal board for the parish. However, the Commission recognized and accepted the report of the other board.

It is not shown that quarters, exclusive or otherwise, in the courthouse were set apart for the use of the Parish Board of Equalization, nor that any specific fixtures or equipment have been assigned to it. In view of the character of the work committed to the board and the limited time necessary to perform it, it is most probable that its labors in the courthouse were performed either in the office or rooms of the Police Jury or of the Assessor, or in both.

█ It is certain that on May 2nd, the date the first board organized, Dees and J. M. Tatum, so far as physically possible, and for all legal intents and purposes, went into and became vested with possession of the offices to which they had been elected by the Police Jury; and no action, judicial or otherwise, having been taken to oust them from that possession, it is safe to presume and to hold that that possession, so far as is needful to meet legal requirements, has since continued. The fact that the third member of the board aligned himself with the opposing members does not alter the status of things as previously

fixed and continued. Two members of such a board constitute a quorum for the transaction of business.

For all practical, as well as legal purposes, the possession of an office may not be co-equally nor co-extensively held by two opposing officers or boards. The right of one, from the very nature of things, must be legally superior to the other. Whether such possession be physical or civil is immaterial. Either character of possession is sufficient to warrant the possessor in a decision to hold and protect his possession, and in resisting the efforts of an opponent to disturb him in the peaceful enjoyment thereof, or oust him therefrom.

When the peaceful enjoyment and possession of one legally holding an office is disturbed by force or otherwise by another person who claims title thereto, resort to injunctive relief is open to him to protect his possession and enjoyment. State ex rel. Porterie, Atty. General v. Smith et al., 182 La. 662, 690, 162 So. 413; Id., 184 La. 263, 320, 166 So. 72; Jackson et al. v. Powell et al., 119 La. 882, 44 So. 689; Guillotte v. Poincy, 41 La.Ann. 333, 6 So. 507, 5 L.R.A. 403; Sanders v. Emmer, 115 La. 590, 39 So. 631.

Of course, so long as the lawful possession of one claiming title to an office is not disturbed in fact or law, no necessity exists for restraining an adverse claimant.

The propriety of testing the relative claims to an office, the facts being as here presented, addresses itself to the claimant out of possession. Such a test may not be made collaterally. It must be done through the functions of an intrusion into office action instituted against the claimant in possession, whose status is that of a de facto officer.

We discussed these principles somewhat thoroughly in State ex rel. Bolin v. Webster Parish School Board et al., La.App., 157 So. 142–145, and therein said and held: "The exception of no cause and no right of action is based upon the legal principles, well established in this state, that the right or title to office cannot be litigated and determined by resort to injunction or mandamus, where the claimant thereto is not in possession. It is contended by respondents, in which we find ourselves and the jurisprudence of the state in complete accord, that such an issue may only be properly presented to a court by and through an intrusion into office proceeding against the de facto claimant. Guillotte v. Poincy, 41 La.Ann. 333, 6 So. 507, 5 L.R.A. 403; Goldman v. Gillespie, 43 La. Ann. 83, 8 So. 880; State v. Turner, 152 La. [828] 829, 94 So. 411."

To grant plaintiff the relief sought, perforce the conclusion must be reached that the Police Jury was without right to elect Dees and J. M. Tatum members of the board on December 15, 1937, for the reason that the right to do so had been irretrievably lost when not exercised thirty (30) days prior to December 31, 1937, the date of the expiration of the terms of the then encumbent members. To so hold would be equivalent to prejudging the rights of Dees and J. M. Tatum without opportunity on their part to be heard. Such a judgment would not be binding on them; and, aside from the amount involved in the present case, nearly two years of the terms of these members are yet to run.

The trial judge, pertinent to the above discussion, said: "While it is true in this suit the Court cannot pass finally upon whether or not one of these members has a legal right to dispossess the other of the office in question, for the reason this is a suit brought against the Police Jury to recover for services rendered. However, before the plaintiff can recover it is necessary for the Court to determine whether or not he was legally appointed by the Governor of this State and did qualify and take possession of his office."

He also held that both boards were in possession of the office; that plaintiff is a de jure officer, and, for this reason, entitled to recover the compensation and expenses claimed, notwithstanding payments of compensation and expenses by defendant to its own appointees, the de facto officers, for like services. The court further reasons: "It is true the law never contemplated there should be more than two members of the Board of Equalization elected by the Police Jury, or in default by them, appointed by the Governor, in addition to the one the law says shall be appointed by the Governor. The mistake that the Police Jury has made in addition to the illegal election of its two members, is in paying the salary of Mr. J. W. Tatum and Mr. J. T. Dees. The Police Jury should have held out the funds and not paid any of them until it should have been judicially determined who was rightfully

entitled to be paid for the services rendered."

We think the second exception of no cause and no right of action is well founded and should have been sustained.

█ There is another reason, patent on the face of the record, why plaintiff is without right to enforce his demands against defendant. The Police Jury recognized the members elected by it as being de facto officers and in possession of the office to which elected, and paid them for their services and reimbursed their expenses. The Jury may not be forced to pay twice for the same services and expenses.

It was held in John T. Michel et al. v. City of New Orleans, 32 La.Ann. 1094, that: "Plaintiff, as the de jure Recorder of the Sixth District of the City of New Orleans during part of the years of 1872 and 1873, has no action against said City for the emoluments of the office paid to the de facto officer. His recourse is against the latter, to recover the salary paid to him."

The court, to support this ruling, cites: Adonis Petit v. G. L. Rousseau, 15 La.Ann. 239; George v. Tucker, 27 La.Ann. 67.

The following cases also are germane: Sigur v. Crenshaw, 10 La.Ann. 297; State ex rel. Coltharp v. Holmes et al., 43 La. Ann. 1185, 10 So. 172.

For the reasons herein assigned, the judgment appealed from is reversed, annulled and set aside. Plaintiff's demand is rejected and his suit is dismissed at his cost.