## McCOLLISTER v. POLICE JURY OF SABINE PARISH.

### No. 6060.

Court of Appeal of Louisiana.
Second Circuit.

June 10, 1940.

For former opinion, see 197 So. 303.

Edwin M. Fraser, R. A. Fraser, and J. S. Pickett, all of Many, for appellant.

J. Reuel Boone and Olin D. Moore, both of Many, for appellee.

PER CURIAM.

 Opinion was rendered in this case on April 4th and notice thereof was given counsel of record on that date by mailing a copy of the opinion and decree to each of them. 197 So. 303. The application for rehearing was filed by plaintiff-appellee on April 19th. Fourteen (14) days intervened between the date of rendition of the judgment (also of notice thereof) and the filing of the application. The application comes too late. We have no discretion in such a case.

Act No. 16 of 1910 provides that judgments rendered by the courts of appeal of the state, except in those cases arising in the city courts of the City of New Orleans, shall become "final and executory on the fifteenth [15th] calendar day after rendition." However, the Constitution, Sec. 24, Art. VII, ordains, with respect to the finality of judgments rendered by the courts of appeal, that: "Notice of all judgments shall be given to counsel of record; and the court shall provide by rule for the giving of such notices. No delay shall run until such notice shall have been given."

This court has complied with the quoted constitutional requirement concerning notice of rendition of judgments by adoption of rule No. 9, which, so far as is now pertinent, reads as follows:

"As soon as judgments are rendered, the Clerk of this Court shall deliver in person or by mail to counsel of record, a copy of the opinion and decree, and he shall make a record of the date and time of the giving or making of such delivery, and this shall constitute the notice required by Section 24, Article VII of the Constitution.

"The delay for filing applications for rehearing shall begin to run from the date of such notice, and shall expire with the fourteenth calendar day thereafter."

 Neither the day on which notice is given nor that on which the judgment becomes executory is counted in determining the fourteen (14) day period in which such applications may be timely filed. O. K. Realty Co., Inc. v. John A. Juliani, Inc., 157 La. 277, 278, 102 So. 399.

Therefore, the judgment of this court herein having become final and executory at the end of the fourteenth (14th) day (April 18th) following that on which notice thereof was given to counsel, the status thus acquired may not be affected by tardy filing of the application for rehearing.

For the reasons assigned herein, the rehearing is denied.