Counsel for appellees earnestly strives to convince us that we erred in holding that the application for rehearing was filed one day late, and, therefore, could not be considered.
The identical point raised by counsel was rather maturely considered and passed on by this Court in McCollister v. Police Jury of Sabine Parish, La.App., 197 So. 661. The facts of the two cases are identical.
Judgment in the present case was rendered here on June 18th. A copy of the opinion and decree was on that day mailed to appellees' counsel and was received by him the next day. Application for rehearing was filed on July 3rd.
Rule 9 of this Court, so far as pertinent, reads:
"As soon as judgments are rendered, the Clerk of this Court shall deliver in person or by mail to counsel of record, a copy of the opinion and decree, and he shall make a record of the date and time of the giving or making of such delivery, and this shall constitute the notice required by Section 24, Article VII of the Constitution.
"The delay for filing applications for rehearing shall begin to run from the date of such notice, and shall expire with the fourteenth calendar day thereafter."
Discussing this rule in the McCollister case, we said and held that the mailing of the copy of opinion and decree to counsel of record constituted the giving of notice of judgment as required by the Constitution, but that the day of mailing was not included in the fourteen day period in which application for rehearing must be filed. This delay, we said, began with the following day and ended with the close of the fourteenth day thereafter. In the present case, as was true in the McCollister case, the mailed copy of opinion and decree actually reached counsel the following day. That day is counted in determining the close of the fourteen day period, which was July 2nd.
We, therefore, have to adhere to our refusal to consider the application for a rehearing in this case.
DREW, TALIAFERRO, and HAMITER, JJ., concur.