O’NIELL, Chief Justice
 

 (concurring in the decree).
 

 As I understand, the only question in this case is whether the 15 days, which are provided for in Act 16 of 1910, shall be computed from the day on which the notice of judgment is sent by mail to counsel of record, or from the day on which the notice is delivered to him. The statute provides that judgments rendered by the courts of appeal shall become final and executory on the 15th calendar day after rendition and that in the meantime parties in interest shall have the right to apply for a rehearing. But Section 24 of Article 7 of the Constitution requires that notice of, the judgments of the courts of appeal shall be given to counsel of record, that the courts shall provide by rule for the giving of such notice, and that no delay shall run until such notice shall have been given. In this case the judgment was rendered by the court of appeal on June 18th and on that day a copy of the judgment was mailed to the attorney for the parties against whom the judgment was rendered. The attorney received a copy of the judgment, which constituted a notice of judgment, on the next day, June 19th. There is no doubt or dispute that the 15th day after June 18th, the day on which the notice or copy of the judgment was mailed, was July 3rd. Nor is there any doubt or dispute that the 15th day after June 19th, the day on which the notice or copy of the judgment was received, was July 4th. The petition for a rehearing was filed on July 3. Therefore, if the 15 days should be computed from the day on which the notice or copy of the judgment was mailed the petition for a rehearing was filed too late, but, if the 15 days should be computed from the day on which the notice or copy of the judgment was received by the attorney, his petition for a rehearing, being filed on the 14th day thereafter, was in time. I concur in the ruling that the notice was not
 
 given
 
 until it was
 
 received.
 
 Section 24 of Article 7 of the Constitution leaves no doubt about that, because it declares that the notice shall be
 
 given
 
 to counsel of record, and that the court shall provide by rule for the
 
 giving
 
 of such notices and that no delay shall run until such
 
 *289
 
 notice shall have been
 
 given.
 
 If the writers of this section of the Constitution had intended that the mailing or sending of the notice would mark the day from which the delay for applying for a rehearing should be computed, they would have used the word “mailed”, or the word “sent”, instead of the word “given”. Rule 9 of the rules of the court of appeal provides that the notice, or copy of the judgment, shall be delivered in person or by mail. To deliver by mail means not merely to mail but to deliver. The court of appeal in this case refers us to the opinion rendered by that court on this subject in McCollister v. Police Jury of Sabine Parish, La.App., 197 So. 661. It is made very plain there that the only error of the court was in considering the mailing of the notice as constituting a giving of the notice, or, as the rule requires, a
 
 delivery by mail.
 
 The only question in the present case is whether the court of appeal was right in calculating the 15th day from the date on which the notice or copy of its judgment was mailed or from the day on which the notice or copy of the judgment was received by the attorney for the parties against whom the judgment was rendered. On that question I agree of course that the provision in Section 24 of Article 7 of the Constitution, as well as the wording of Rule 9 of the Rules of the Court of Appeal, leaves no doubt that the 15th day must be calculated from the day on which the notice is actually given, or delivered, or, as the rule provides “delivered in person or by mail.” To construe the rule the other way would violate Section 24 of Article 7 of the Constitution.