State of Louisiana, ex rel. Francis Sternberg v. Cleophas Lagarde.

No. 1921.—STATE OF LOUISIANA, ex rel. FRANCIS STERNBERG *v.* CLEOPHAS LAGARDE.

To entitle a party to an appeal it must appear that the amount in controversy exceeds five hundred dollars. Constitution of 1868, art. 74. Meyers v. Mitchel. 20 An. 533.

The right to an office cannot be inquired into under a proceeding by mandamus. Only the right to the possession of the books, papers, room, keys, etc., can be made the subject of inquiry under this writ. 4 N. S. 623, 12 An. 719, Acts of 1868, p. 71, 199 and 220.

APPEAL from the parish of Lafourche, *Train,* J.    *Bush & Goode,* for relator.

LUDELING, C. J.    The petitioner, alleging himself to be the *de jure* and *de facto* sheriff of the parish of Lafourche, applied to the judge of the Third Judicial District for a *mandamus* to compel his predecessor in office to deliver to him the "room, keys, papers, records, books, documents and other things appertaining to the office of sheriff."

A peremptory mandate was issued, ordering the party to do what was demanded of him.

From this order the defendant has appealed.    Even if the defendant had such an interest in the matter in contestation, to wit: the possession of the "room, keys, papers," etc., belonging to the office, as to authorize him to take an appeal from the order, it does not appear from the records that their value exceeds five hundred dollars.    This court is without jurisdiction, *ratione materia.*    Constitution of 1868, art. 74. *Myers* v. *Mitchel,* 20 An. 533.

It is true, it is alleged, that "the office of sheriff" is worth over five hundred dollars.    But the "matter in dispute" is not "the office of sheriff," but "the room, keys, papers," etc., belonging thereto.    The right to an office cannot be tested, under existing laws, on an application for a writ of *mandamus.*    4 N. S. *Lafitte* v. *Duncan,* 623; 12 An. 719; acts of 1868, pp. 220, 71 and 199.

It is therefore ordered, adjudged and decreed that the appeal be dismissed at the costs of the appellant.