No. 2063.—STATE OF LOUISIANA, on the relation of A. HERO, JR., *v.* ARMAND PITOT, JR.

Where the transcript of appeal is duly certified by the clerk of the District Court as containing all the evidence, etc., adduced on the trial, it is sufficient to enable the Supreme Court to decide the case on its merits and the appeal will not be dismissed. 20 An. 213.

The affidavit of the appellant that his interest in the controversy exceeds five hundred dollars is sufficient to give the Supreme Court jurisdiction of the appeal.

The right to an office can not be inquired into or tested under existing laws on an application for a writ of *mandamus*. Sternberg *v.* Legard, ante page 18.

APPEAL from Seventh District Court, parish of Orleans. *Collens, J. Hornor & Benedict*, for relator, appellant, *Charvet & Duplantier* and *E. Bermudez*, for defendant and appellee.

WYLY, J. Defendant and appellee moves to dismiss this appeal because the record does not show a note of evidence, statement of facts, bill of exception or assignment of errors, and because the interest of the plaintiff in the matter in dispute does not exceed five hundred dollars.

The clerk of the District Court has certified that the transcript filed in this court contains a true and correct copy of "all the proceedings had, documents filed and evidence adduced on the trial," and this suffices to enable this court to consider the case and decide it on its merits. 20 A. 213.

The appellant has filed in this court his affidavit that the matter in dispute and his interest therein exceeds five hundred dollars.

The matter in dispute is the possession of certain notarial records in the hands of the defendant, which the relator as custodian of notarial records of the parish of Orleans, under act affirmed twenty-eighth March, 1867, sues to recover. His interest in said records is the fees he is entitled to by said act for certifying copies thereof. His affidavit establishes that his interest therein exceeds five hundred dollars, which gives this court jurisdiction.

The motion to dismiss is therefore overruled.

---

## On the Merits.

This is a proceeding by mandamus to recover the records of a notary public who is alleged to be no longer an officer.

The relator, as custodian of notarial records of the parish of Orleans, claims to be entitled to the records in possession of the defendant by virtue of the third section of the act of twenty-eighth March, 1867, which provides "that it shall be the duty of said custodian of notarial records to collect together and safely keep in his possession the records of all notaries in the parish of Orleans who shall have ceased to be such, either by death, removal or otherwise, except such records as are already in the custody of other notaries." * * Acts 1868, p. 281. He alleges that the defendant, A. Pitot, Jr., has in his possession and custody the acts and other instruments of writing passed before him as notary public in and for the parish of Orleans; and that he is not now a notary public by reason of not having the consent of the Senate to his appointment; also because his appointment to office under the Constitution of 1864, ceased by virtue of the organization of the government under the Constitution of 1868.

He avers that said Pitot claims to exercise the functions of a notary and unlawfully detains the notarial records in his office.

The defendant appeared and excepted on the ground that the proceeding by mandamus is illegal; that the relator has no cause of action against him; that he is a duly qualified and commissioned notary public in the parish of Orleans, not having resigned or been removed, and that he is entitled to retain possession of the papers, documents and other effects belonging to his office.

The only evidence we find in the record is the commission of the relator as custodian of notarial records and his oath of office, dated sixth October, 1868, and the commission and oath of office of the defendant as notary public, bearing date fifteenth April, 1867.

From a judgment dismissing his petition the relator has appealed The right of the relator to recover the object he seeks depends on the

State of Louisiana, on the relation of A. Hero, Jr., v. Armand Pitot, Jr.

solution of the question whether or not the defendant is entitled to his office as notary public. If the allegations of the defendant be true, that he is a duly qualified and commissioned notary, lawfully in the discharge of his official duties there is no cause of action against him. He is entitled to the papers and documents belonging to his office.

If, on the other hand, his term of office has ceased because of his appointment not having been confirmed by the Senate, or because of the operation of the one hundred and fiftieth article of the Constitution of 1863, the relator has a cause of action, and can claim the records confided to his custody by law.

The relator bases his claims on the ground that the defendant has ceased to be an officer, and it is his duty under the act of twenty-eighth March, 1867, to take the custody of the records of his office.

We can not determine the rights of the relator in the premises without deciding upon the right of the defendant to the office of notary public. This we can not inquire into in a proceeding by mandamus.

In the case of the State in the relation of Sternberg v. Legarde, lately decided, we held that "the right to an office can not be tested under existing laws on an application for a writ of mandamus." We still adhere to that opinion.

The right of the defendant to the office of notary public can be tested under the act of the fifteenth of October, 1868, re-enacting "an act providing a remedy against usurpations, intrusion into or the unlawful holding or exercising a public office or franchise in this state." Acts 1868, 199. In a proceeding under said act the questions involved in this case might be determined, but as they are now presented they can not be entertained and considered.

It is therefore ordered that the judgment of the court below be affirmed with costs.

Rehearing refused.