REYNAUD v. SONGY ET AL.

---

(November 18, 1929. Opinion and Decree.)
(December 16, 1929. Rehearing Refused.)
(January 7, 1930. Writ of Certiorari and
Review Refused by Supreme Court.)

---

Robert J. Perkins and Melvin P. Barre, of New Orleans, attorneys for plaintiff, appellant.

J. K. Gaudet, of Gretna, attorney for defendants, appellees.

JANVIER, J. Petitioner seeks by injunction to retain his position as a member of the finance committee of the police jury of the parish of St. John the Baptist, and to prevent defendant Montz from succeeding him in the said position, and defendant Songy, president of the said police jury, from assisting Montz in said effort to succeed plaintiff.

Plaintiff had been appointed to the disputed office by Songy, the president of the police jury, who, in making the appointment, was acting under the authority of a resolution reading as follows:

"It was then moved by Mr. Babin, seconded by Mr. Montz and carried that the President, be and is hereby authorized to appoint a Finance Committee of three members, with the understanding that the signatures of two members of this committee shall be required before any bill shall be approved for payment.

"On this Finance Committee, the President, Mr. P. G. Songy, appointed the following: Messrs. Jacques Duhe ———, Fernand Reynaud and Julius A. Babin."

Shortly after making the appointment,

Songy decided to remove Reynaud and to appoint Montz in his stead, and, in making said removal, claims that he was acting within the authority given him by the resolution; his contention being that the authority to appoint, unless for a fixed term, carries with it the authority or power to remove. In support of this contention our attention is directed to the following authorities. Peters v. Bell, 51 La. Ann. 1621, 26 So. 442; 46 C. J. 964; 46 C. J. 993; Ehret v. Jefferson Parish, 136 La. 391, 67 So. 176.

We do not believe that the authorities cited are in point. They would be pertinent if the question involved were the authority vel non of the police jury to remove. Manifestly, since the police jury has power to appoint, it has, under the above-cited authorities, power to remove. But the question is deeper than that and involves the right of one person, to whom a limited authority has been delegated, to exceed that authority. Does one body, which, by the Constitution and statutes, is given certain power, and which delegates to another body or person one of those powers, convey to that other person or body continuing power to act in the matter until that power is revoked? Here there can be no question of the power of the police jury to appoint and to remove. It delegated to its president by said resolution the right to create by appointment a finance committee. Did the resolution carry with it the right to remove at will any one or more of the appointees? If it did, it carried with it the right to dissolve the committee by removing all of the members if he should see fit.

As to the right to an injunction in a matter of this kind, provided the status remains unchanged and the applicant for the injunction remains in possession of the office, there can be no doubt. State ex rel. Bourg v. Turner, 152 La. 830, 94 So. 411; Guillotte v. Poincy, cited below.

It is quite true that title to an office cannot be tried in an injunction proceeding. Peters v. Bell, supra; Guillotte v. Poincy, 41 La. Ann. 333, 6 So. 507, 508, 5 L. R. A. 403. But as was said by Judge Fenner in Guillotte v. Poincy, just above cited:

"The object of the present action is not to oust an usurper or intruder, but to prevent such usurpation or intrusion, in advance of judicial determination of the disputed right.

"We carefully abstain from any expression of opinion upon the disputed title to this office.

"We simply hold that the plaintiff is the officer de facto, in actual incumbency and possession; and that, if he be an usurper and intruder, the plain course pointed by the law to the defendant is to bring his action of ouster, wherein his right may be recognized and enforced. He cannot take the law into his own hands, and, with the assistance of others, effect a practical ouster of plaintiff, in advance of judicial settlement of the rights of the parties.

"The record shows that plaintiff's apprehension of disturbance is well founded. It appears on the face of the pleadings that defendant claimed the right to enter into office as a member of the board, and that the remaining members of the board, but for the injunction, would have recognized his right, and have admitted him as such member.

"Against such action, we think the plaintiff was entitled to relief by injunction in order to preserve the status quo, until the right shall be judicially determined, which is the extent to which the injunction should go."

The only case in which an injunction should not issue in a matter of this kind is where the injunction, if issued, would

restrain the body or board vested with the right of determining and deciding the dispute as to the title to the office. For instance, here the police jury has, it is conceded, the right to fill the disputed position at will. Manifestly, then, an injunction should not issue to restrain that body. But that is not the case here. The injunction is asked, not against the police jury which can fill the position at will, and which therefore can determine who has title to the position, but against the president and against a third individual.

In our opinion the injunction should issue except for one fatal fact, and that is that it is manifest that plaintiff is not in possession of the office. The record leaves us convinced that the appointment of Montz has become effective and that he has taken over the office. The failure to obtain a suspensive appeal by proper application to the court having jurisdiction to review the refusal of the judge, a quo, to grant such an appeal, permitted the changing of the status quo and the taking over by Montz of the office, if, in fact, he was not in possession of it already, as we are convinced from the evidence he was.

An injunction cannot lie to alter a political situation already in existence nor to maintain one in an office, if in fact, he is no longer in actual possession of the office.

It is therefore ordered, adjudged, and decreed that the judgment appealed from be and it is affirmed, at the cost of appellant.