### STATE ex rel. BOLIN v. WEBSTER PARISH SCHOOL BOARD et al.*
### No. 4887.

Court of Appeal of Louisiana.
Second Circuit.
Nov. 2, 1934.

See, also (La. App.) 150 So. 446.

E. L. Richardson and Robt. F. Kennon, both of Minden, for appellants.

Craig, Bolin, Magee & Baucum, of Mansfield, and Langston & Thomas, of Minden, for appellee.

TALIAFERRO, Judge.

Relator was elected a member of the School Board of Webster Parish, Ward 4, at the general election held on November 8, 1932. A commission issued to him therefor by the Governor on December 9th, and he promptly qualified by taking the oath of office, attended, and participated in the proceedings of a call meeting of the board held on December 9th. He was then recognized as a member of the board and allowed to freely function as such in its deliberations. Thereafter, it was reported to the Governor that relator did not possess the property qualifications required by law when he was elected, in that he was not assessed with individual or community property in Webster parish of the value of not less than $500, as required by section 17 of Act No. 100 of 1922. The question was referred to the Attorney General for opinion, and that official, after acquainting himself with the facts, advised the Governor that relator was not eligible to hold the office because of lack of property qualifications when elected, and the Governor then declared a vacancy existed in the

*Rehearing denied December 5, 1934

office and on January 23, 1933, appointed Dr. W. G. Banks to fill the vacancy and issued commission to him. Dr. Banks qualified by subscribing to the proper oath and entered upon the duties of the office, seemingly without any immediate opposition or protest from relator, beyond his appearance at the board's session on February 7th, at which time Dr. Banks' commission and right to the office were recognized over that of relator.

The status of things thus remained until April 4, 1933, when relator instituted an intrusion into office suit against Dr. Banks and the School Board, seeking to recover possession of the office of which he alleges he had been unlawfully deprived. In this suit he alleged that the commission held by Dr. Banks was illegal, null, and void, as no vacancy existed in the office when it was issued by the Governor; that Dr. Banks was and is an intruder into and a usurper of the office to which relator had been legally elected and entitled to enjoy; and that the School Board, in recognizing Dr. Banks as a member thereof, acted in bad faith. The prayer of the petition is that he "have judgment in favor of relator and against the said Dr. W. G. Banks and the Webster Parish School Board, decreeing that the pretensions and claims of the said Dr. W. G. Banks to the office of member of the Webster Parish School Board are illegal and void, and that the pretended appointment and the commission issued to the said Dr. W. G. Banks be declared illegal, null and void, and that he has been and is an intruder in and a usurper of the office of member of the Webster Parish School Board for Ward 4. Relator further prays for judgment recognizing his title to said office and decreeing that he is entitled to hold the same and to exercise the functions thereof, and to collect the fees and emoluments thereof. Relator further prays for judgment perpetually restraining the Webster Parish School Board and the said Dr. W. G. Banks from interfering with his enjoyment of and possession of said office, and his right to sue for said fees and emoluments received by the said Dr. W. G. Banks be reserved."

An exception of no cause and no right of action filed by the School Board in that case was sustained in the lower court. Minute entry of the ruling was made, but no formal judgment ever signed. While the suit was pending, Dr. Banks tendered his resignation to the Governor, which was accepted. He then answered and prayed that the suit be dismissed as to him, tendering the amount of costs to that time. This was denied him and, after trial below, there was judgment for plaintiff as prayed for. On appeal to this court, this judgment was reversed and the motion of Dr. Banks to be dismissed from the case sustained. 150 So. 446. We held that after his resignation had been accepted and he had abandoned possession of and relinquished any and all claims to the office, he could no longer be characterized as an intruder therein or usurper thereof; that the abstract question of title to the office could not then be properly determined—it had become moot as an issue in the case.

After the judgment of this court became final, and the Governor having appointed no one to succeed Dr. Banks, relator again attended meetings of the School Board and sought recognition as a member under the original commission issued to him in November, 1932. The board declined to recognize him, basing its position upon the Attorney General's opinion and the action of the Governor prior to and including the appointment of Dr. Banks. Relator then (December 4, 1933) filed the present suit against the Webster Parish School Board, the individual members thereof, and its president, J. B. Snell. He sued out a temporary restraining order and an alternative writ of mandamus. The relief specifically asked for is described at length in the prayer of his petition which we are quoting in full:

"Wherefore, the premises and annexed affidavit and documents considered, relator prays that a temporary restraining order issue herein against the Webster Parish School Board, and the individual members thereof, and against J. B. Snell, in his capacity as President of said Board, restraining and enjoining the said Board and the said J. B. Snell, in his capacity as President of said Board, from in any way, either directly or indirectly, interfering with relator in performing the functions and duties of the office of School Board member from Ward 4, Webster Parish, Louisiana; that said Board and the individual members thereof, and said J. B. Snell, in his capacity as President of said Board, be served and notified, according to law; that said temporary restraining order be issued upon relator giving bond in the amount and conditioned as the law directs.

"Relator further prays that an alternative writ of mandamus issue herein directed to the Webster Parish School Board and the individual members thereof, and to J. B. Snell, its president, commanding the said

Webster Parish School Board and the individual members thereof, and the said J. B. Snell, in his capacity as president of said Board, to recognize relator as a duly elected, commissioned and qualified member of said Board and entitled to receive and be paid the emoluments of said office, or to show cause to the contrary on such a day and at such an hour as this Honorable Court may appoint.

"Relator further prays upon security being furnished in the amount and with the surety and with the conditions required by law, that a preliminary injunction issue herein, directed to the Webster Parish School Board and the individual members thereof, and J. B. Snell, in his capacity as President of said Board, enjoining and restraining said respondents from either directly or indirectly interfering with relator in performing the functions and duties as a member of said Board, and that said respondents be ordered to show cause and cited to appear to answer hereto, at an hour and on a day to be fixed by this Honorable Court, why said preliminary writ of injunction should not be issued, as prayed for herein, and finally, there be judgment in favor of petitioner perpetuating the said injunction, and for costs and all general and equitable relief."

At this juncture we shall advert to the status of the exception of no cause and no right of action filed by the School Board in relator's first suit, which was sustained by the lower court, but of which action only a minute entry was recorded. On December 17, 1933, thirteen days after the present suit was filed, relator filed a motion for new trial of the exception. The filing of the motion was objected to by counsel for the School Board. The motion was thereafter argued by both sides and on January 19, 1934, sustained; whereupon, on motion of counsel for relator, the case was dismissed as of nonsuit, over objection of counsel of respondent. A formal judgment of dismissal was signed, from which the School Board appealed to this court. The transcript has been lodged here and is now docketed in this court subject to be heard, argued, and disposed of in the regular course.

On and prior to January 19, 1934, respondents filed many pleas and exceptions. Some were sustained; others overruled; while that of no cause and no right of action was referred, without objection, to the merits. Among the exceptions filed on January 19, 1934, and overruled, is one of lis pendens. On this date, under full reservation of all pleas and exceptions filed and overruled, respondent answered to the merits of the case. All of the questions of fact alleged by relator are admitted. It is denied that relator was assessed with property of the value of $500 when elected to the School Board in November, 1932. Facts to support this denial are alleged in detail. That for this lack of qualifications for said office, the Governor properly declared a vacancy therein and appointed Dr. Banks thereto, who served on said board until June 1, 1933, at which time he resigned; that the vacancy created by this resignation was not filled by the Governor and existed when this suit was filed.

Hon. J. F. McInnis, judge of the Twenty-Sixth Judicial District, recused himself herein, and designated Hon. James W. Jones, judge of the Tenth Judicial District Court, to try the case. There was judgment for relator, as prayed for; the preliminary writ of injunction issued was perpetuated, and the alternative writ of mandamus made peremptory. Respondents appealed.

The trial judge found and held that relator was in possession of the office he was elected to, and held him to be a de facto officer, and therefore entitled to be maintained therein by injunction, and to have his official status recognized by mandamus against the board members. This finding is diametrically in conflict with relator's sworn allegations contained in his first petition against Dr. Banks and the School Board, in which he admits that Dr. Banks was in possession of the office as intruder and usurper. It is also in conflict with the undisputed testimony that, since Dr. Banks' resignation, the School Board had consistently declined to recognize relator as a member thereof, and he had not been allowed to participate in any of its proceedings. The rulings of the lower court would have been unquestionably correct if, as a fact, relator was in possession of the office. He once had such possession, but allowed himself dispossessed without protecting his right to such possession by promptly resorting to the legal remedy open to him.

The plea of lis pendens is earnestly urged upon our attention, and forcefully briefed; but, in view of the fact that this is the second time this controversy has been before us, and that it is of considerable interest to the public of Webster parish that a decision be rendered on its merits, we have decided to pretermit an opinion on the plea and pass upon the merits of the case.

Respondents also urge a plea of estoppel and the exception of no cause and no right of

action filed by them. The former was overruled; the latter referred to the merits of the case. Since the exception may now be considered on the face of the entire record, and the plea also, we shall discuss them together.

The estoppel plea is based upon these alleged and proven facts: That Bolin did not avail himself of the legal remedies he was entitled to invoke to prevent Dr. Banks from taking possession of the office to which both of them held commission, but, on the contrary, acquiesced in the superiority of Dr. Banks' commission by allowing him peacefully to assume the duties and perform the functions of the office for two and one-half months before provoking litigation to test out the question of title thereto, wherein he admitted he was not in possession thereof.

█ The exception of no cause and no right of action is based upon the legal principles, well established in this state, that the right or title to office cannot be litigated and determined by resort to injunction or mandamus, where the claimant thereto is not in possession. It is contended by respondents, in which we find ourselves and the jurisprudence of the state in complete accord, that such an issue may only be properly presented to a court by and through an intrusion into office proceeding against the de facto claimant. Guillotte v. Poincy, 41 La. Ann. 333, 6 So. 507, 5 L. R. A. 403; Coldman v. Gillespie, 43 La. Ann. 83, 8 So. 880; State v. Turner, 152 La. 829, 94 So. 411.

█ Certainly such an issue may not be properly determined in a suit against a board or commission as defendant where, as in this case, the right to the office is not traceable to or dependent upon any official duty or action of such body. In such circumstances, a judgment would not be binding upon the Governor or upon any one hereafter appointed by him to fill the vacancy arising from Dr. Banks' resignation.

█ The power of the Governor to appoint implies primarily the power to determine whether a vacancy exists. A claimant of an office declared by the Governor to be vacant may resist efforts to oust him by appeal to the court. But the issue vel non of the superior right to the office must be adjudicated in a contest with the adverse claimant in possession of the office. State ex rel. Wimberly v. Barham, 173 La. 488, 137 So. 862.

The actual possessor of the office may and should protect his possession and enjoyment thereof by means of injunction. Reynaud v. Songy et al., 14 La. App. 318, 124 So. 684; State ex rel Bourg v. Turner, 152 La. 828, 94 So. 411.

Injunction is not the remedy to reinstate one to office. Callan v. Board of Commissioners, 45 La. Ann. 673, 12 So. 884.

The title to an office cannot be put at issue in a mandamus proceeding. State ex rel. Jumel, Auditor, v. Johnson, 29 La. Ann. 399; State ex rel. Williams v. Pertsdorf, Constable, 33 La. Ann. 1413; State ex rel. Hero v. Pitot, Jr., 21 La. Ann. 336; State ex rel. Sternberg v. Lagarde, 21 La. Ann. 18.

It is our opinion that relator has not the right to litigate the title to the office, the possession of which he seeks, with the School Board of Webster Parish, and that for the reasons herein assigned, the exception of no cause and no right of action filed by respondents is well founded and should have been, and is hereby, sustained.

The judgment appealed from is annulled, avoided, and reversed, and relator's suit dismissed at his cost.