136 So.2d 699 (1961)
WEST CARROLL NATIONAL BANK OF OAK GROVE, Plaintiff-Appellant,
v.
WEST CARROLL PARISH SCHOOL BOARD et al., Defendants-Appellees.
No. 9622.
Court of Appeal of Louisiana, Second Circuit.
December 27, 1961.
Rehearing Denied January 31, 1962.
Certiorari Denied March 27, 1962.
*700 Mason P. Gilfoil, Lake Providence, for appellant.
E. Rudolph McIntyre, Winnsboro, W. Sartis Bassett, Oak Grove, for West Carroll Parish School Board, defendant-appellee.
Cotton & Bolton, Rayville, Orlando N. Hamilton, Jr., Oak Grove, for the Bank of Oak Grove, defendant-appellee.
Before GLADNEY, AYRES and BOLIN, JJ.
AYRES, Judge.
This is a contest between plaintiff, West Carroll National Bank of Oak Grove, and the defendant, Bank of Oak Grove, as to the fiscal agency of the defendant, West Carroll Parish School Board. Plaintiff, by this action, sought (1) a writ of injunction prohibiting the school board from entering into a fiscal-agency contract with the Bank of Oak Grove, and (2) a writ of mandamus commanding the school board to accept plaintiff's bid.
Plaintiff appeals from a judgment sustaining an exception of no cause of action. The exception, defendants contend, was properly and correctly sustained for these reasons:
(1) The issuance of an injunction to enjoin and prohibit acts already completed would be improvident and unauthorized;

*701 (2) the award of fiscal-agency contracts by the school board requires the exercise of official discretion and may not be controlled by a writ of mandamus;
(3) there is no affirmative allegation that the action taken by the school board in selecting its fiscal agent was in executive session and was, therefore, illegal;
(4) the proposal of plaintiff, West Carroll National Bank of Oak Grove, was insufficient to constitute a bid for a fiscal-agency contract; and
(5) the characterization of the actions of the school board as "an arbitrary and capricious abuse of its discretion" is insufficient to disclose, on that point, a cause of action.
Consideration to these several contentions will be given in the order of their enumeration.
As to the first of the aforesaid contentions, plaintiff affirmatively alleges that the school board accepted the bid of the Bank of Oak Grove and, accordingly, selected it as the board's fiscal agent for a two-year period beginning July 1, 1961. Thus, the allegation is that the selection of a fiscal agent was an accomplished fact. The nature of the relief sought in this regard was the prevention of the doing of an act, that is, the selection of defendant Bank of Oak Grove as the fiscal agent of the school board. Injunctions of this character necessarily operate on unperformed and unexecuted acts and prevent a threatened but nonexistent injury. They cannot be used to redress a consummated wrong or undo what has already been done. 43 C.J.S. Injunctions § 4, p. 408; Reynaud v. Songy, La.App.Orleans, 1929, 14 La.App. 318, 124 So. 684; Forrest v. Messenger, La.App. 2d Cir., 1945, 20 So.2d 766, 767.
In the latter case,
"It was established on trial of the rule that the building involved herein had been completely demolished and the material removed from the land. In view of this situation, appellant makes the point that no good purpose would or could be subserved by issuance of injunction prohibiting him from doing something that has already been done; that could not restore the status quo ante. In effect he argues that the matter is now moot. The point is well taken. It would be a vain and idle thing, as argued, for a court, in such circumstances, to issue an injunction. Nothing could be accomplished by so doing. The jurisprudence of this state well supports the principle which, tersely stated, is that:
"`Rights already lost and wrongs already perpetrated cannot be corrected by injunction.' See: Adams v. Town of Ruston, 3 La.App. 188, and other cases therein cited; Dunham et al. v. Town of Slidell, 133 La. 212, 62 So. 635; Trevigne v. School Board, 31 La.Ann. 105."
Thus, the principle is established in the jurisprudence that, if an act sought to be enjoined has already been committed, there is no ground for an injunction. The purpose of an injunction is to prevent and not to correct wrongs. Callan v. Board of Com'rs of Fire Department, 45 La.Ann. 673, 12 So. 834.
Plaintiff urges, as to the second of the aforesaid contentions, that the school board had no discretion whatsoever in its official action in selecting a fiscal agent. Accordingly, it is suggested that defendant's actions in such matters may be controlled by mandamus; hence, that since plaintiff has signified a willingness to act as fiscal agent, it is asserted that the school board should be compelled, by mandamus, to accept its bid as the performance of a mere ministerial duty.
That mandamus is an extraordinary remedy and may be resorted to only under extraordinary circumstances is a well-established *702 principle in the jurisprudence of this State. Such a writ lies only to compel the performance of duties that are purely ministerial in character or to correct an arbitrary or capricious abuse of discretion by public boards or officials. Such a writ will issue only when there is a clear and specific legal right to be enforced or a duty which ought to be, and can be, performed. State ex rel. Summit Fidelity & Sur. Co. v. Police Jury of Rapides Parish, La.App. 3d Cir., 1961, 131 So.2d 623, 625, and the authorities therein cited.
In giving consideration to the appropriate statutes, LSA-R.S. 39:1211-1225, as a whole, we cannot conclude that the school board has been deprived of all discretion in the selection of a fiscal agent. We are enjoined and admonished in the interpretation of statutes that "words and phrases shall be read with their context and shall be construed according to the common and approved usage of the language. * * *" LSA-R.S. 1:3. Thus, under LSA-R.S. 39:1214, headed "Bids to be invited," provision is made for the school board to invite bids under the terms and conditions of the proposal. The "taking" of a bid, in the common acceptation of the term and according to the common and approved usage, means that the bid shall contain a proposal to be considered and either accepted or rejected by the authority inviting the bid. Moreover, in addition to the use in the statute of the words "bid" and "bids to be invited," there are many other words, phrases, and references of unmistakable indication that the award of fiscalagency contracts is to be on a competitive basis and selected by the depositing authority. For instance, in LSA-R.S. 39:1220, the heading is entitled "Selection of depositories." In the first paragraph of this section it is recited that local depositories shall "select" such agency subject to the provisions of the statute. In LSA-R.S. 39:1232, the phrase "right to select" is employed with reference to the depositories. In LSA-R.S. 39:1214, the words "select a fiscal agency" are found. The words repeatedly used, "select," "selection," "right to select," and "select a fiscal agency," clearly indicate a right of discretion in the depositing authorities in selecting fiscal agents.
"Select" is defined as "To take by preference from among others; to pick out; to cull; as, to select the best books for reading." Moreover, "That is Select which is the result of discriminating choice; * * *." Webster's New International Dictionary, Second Edition.
Had the Legislature intended to confer only a ministerial duty upon a depositing authority to either name, appoint, designate, or confirm every bank which indicates a willingness to accept the trust of a fiscal agent, appropriate language could and would have been employed to connote such mandatory duty.
That the selection of the fiscal agent was in an executive session and, therefore, illegal does not affirmatively appear from plaintiff's allegations. The allegations on this point are that the board "while in executive session, or immediately thereafter and without having invited to return the persons who left at its request to retire," voted to accept the bid of the Bank of Oak Grove. Thus, there is neither direct, positive, nor unqualified allegation that the selection was made in executive sessionaccording to the allegations, the action may have been taken in open session.
A pleader has the duty to express his allegations in clear and unmistakable language. Ambiguous and uncertain pleadings are construed against him.
The fourth proposition urged under the exception is that plaintiff's proposal was insufficient to constitute a bid for a fiscal-agency contract. The language of plaintiff's proposal, addressed to the school board, is that "The West Carroll National Bank of Oak Grove, Louisiana, agrees to perform any fiscal agent function for you on the same terms as offered by any other *703 bank." Standing alone and without reference to anything else, this proposal makes no distinct offers which the school board might consider or accept.
When one issues invitations for bids for the performance of certain services or the accomplishment of certain work, the bidder is obliged to state that he will do the work or perform the services for a stated sum. Such a proposal can be either accepted or rejected; if accepted, the proposal or bid and its acceptance become a completed contract. At the most, the proposal is uncertain and ambiguous. The bid, in order to ripen into a contract by its acceptance, should be definite as to price, terms, and conditions under which the bidder is to be obligated.
In Casey v. Independence County, 109 Ark. 11, 159 S.W. 24, 25, a contest arose between a bank and the county regarding the later's fiscal agent. In that case, the Citizens' Bank & Trust Company proposed to pay to the county interest at the rate of "one-quarter of 1 per cent" higher than any other bid. The county rejected the offer as no bid and litigation followed. The Supreme Court of Arkansas, in discussing the question presented, stated:
"* * * if this form of bidding is allowed, one man, by offering a nominal sum above all others, might appropriate to his own advantage the judgment of others who might have gone to great trouble and expense to form a correct opinion, when the intention was to give each bidder the benefit only of his own judgment. * * * In the application of this principle * * *, we hold that the offer of the Citizens' Bank & Trust Company was no bid at all. * * *"
In defining, Bid, 10 C.J.S. p. 356, employs this language:
"The word has been generally defined or employed as meaning an offer for property, an offer to purchase; an offering of so much money for property exposed for sale; also, in an analogous but slightly different sense, an offer to do any of various acts; an offer to perform a contract for work and labor or supplying materials at a specified price; a proposition; and, as sometimes used, a contract. The word has been said to imply the making of a distinct proposition which can be acted on, taken alone and without reference to anything out of itself; and to presuppose an ability by the bidder to pay what he offers." (Emphasis supplied.)
Lastly, for consideration, is the sufficiency of plaintiff's allegations characterizing the board's actions as "an arbitrary and capricious abuse of its discretion" to disclose a cause of action. Such allegations do not state a cause of action as they are mere conclusions. It has been repeatedly held that well-pleaded facts and not conclusions of law are necessary to state a cause of action. Hardee v. Matthews, La.App. 2d Cir., 1936, 169 So. 252.
That "defendants were holders in bad faith" was held not to be an allegation of fact but a conclusion of law and was, accordingly, amenable to an exception of no cause of action (State v. Hackley, Hume & Joyce, 124 La. 854, 50 So. 772, 773) and, in an action to cancel a judgment where it was alleged the judgment "was obtained by fraud and ill practice," the court stated, in Moss v. Drost, 130 La. 285, 57 So. 929, 930:
"* * * It [the judgment] cannot be assailed successfully, unless it be alleged in what respect there was fraud and ill practice. The presumption is that the judgment was regularly obtained. To overcome that presumption, the particular acts of fraud and ill practice, should have been alleged."
It was likewise held in Latham v. Latham, 216 La. 791, 44 So.2d 870, that the allegations in plaintiff's petition that the judgment was obtained through fraud and ill practices were mere conclusions of the *704 pleader, and that such conclusions, unsupported by facts, were insufficient to set forth a cause of action. See, also, In re Phoenix Building & Homestead Ass'n, 203 La. 565, 14 So.2d 447; Florida Molasses Co. v. Berger, 220 La. 31, 55 So.2d 771.
We therefore find well-founded defendants' exception of no cause of action, and that, accordingly, the exception was correctly and properly sustained.
The judgment appealed is therefore affirmed at plaintiff-appellant's cost.
Affirmed.