ELLIS, Judge:
By these two consolidated suits, plaintiffs Rene Martin and Alonzo J. Kling seek a writ of mandamus to compel Ambroise Landry, Clerk of Court for Lafourche Parish, to cancel from the mortgage records of his office two notices of lis pendens bearing against certain property belonging to 90 West Corporation. From judgments dismissing their suits, plaintiffs have appealed.
On January 15, 1973, N. B. Rosenberg wrote the following letter to the plaintiffs:
“In view of the favors previously done for you, it is now understood that, other than your operations connected with the Golden Star Plantation, it is agreed that I am to participate in 10 percent of your personal gross profits before taxes on all of your real estate and contracting operations.
“It is perfectly clear that I would get 10 percent of your part of the gross profits even if you were to do business with two or three other parties.
“I would be pleased to have you acknowledge this contract by signing at the bottom and returning a copy to me.”
Both Mr. Martin and Mr. Kling signed the letter at the bottom as requested.
*179 On January 7, 1977, 90 West Corporation sold to plaintiffs undivided interests in the oil, gas and other minerals under certain property owned by it in Lafourche Parish.
On March 8, 1977, Nathaniel B. Rosenberg filed suits against Mr. Martin and Mr. Kling, alleging their indebtedness to him under the above letter contract. The suit alleges that Messrs. Martin and Kling had received various sums of money from operations covered by the contract, and also alleged the receipt of the foregoing mineral interests. The notice of lis pendens, bearing against the property in which plaintiffs own mineral interests, was filed in connection with the said suits.
These two suits were filed, alleging that Mr. Rosenberg did not have an interest in the said properties legally entitling him to file a notice of lis pendens. Mr. Rosenberg intervened in both suits to protect his interest.
Article 3751 of the Code of Civil Procedure states:
“The pendency of an action or proceeding in any court, state or federal, in this state affecting the title to, or asserting a mortgage or privilege on, immovable property does not constitute notice to a third person not a party thereto unless a notice of the pendency of the action or proceeding is made, and filed or recorded, as required by Article 3752.”
We fail to see in what manner the letter contract between Mr. Rosenberg and plaintiffs affects the title to the property in question, or asserts a mortgage or privilege thereon.
Profit means “the excess of returns over expenditure in a transaction or series of transactions.” Webster’s Third New International Dictionary, G. & C. Merriam Company, Springfield, Massachusetts, 1966. See also Muhoberac v. Saloon, Inc., 210 So.2d 572, 575 (La.App. 4th Cir. 1968).
Mr. Rosenberg may be entitled to an accounting from plaintiffs, and the accounting may include the value of the mineral interests purchased from the 90 West Corporation, but there is nothing in the record from which it can be reasonably concluded that Mr. Rosenberg has met any of the requirements of Article 3751, supra. Mr. Rosenberg argues that the existence of the letter contract and the acquisition of the mineral interests by plaintiffs during its existence, justifies a reasonable conclusion that the suits filed by him affect the title to the mineral interests. No legal basis is advanced for this novel proposition, and our research has failed to reveal any.
The judgments appealed from are therefore reversed and set aside, and there will be judgment herein in favor of plaintiffs and against defendant, ordering that the notices of lis pendens filed in the case of Rosenberg v. Kling, No. 23,010 of the docket of the 23rd Judicial District Court for the Parish of Ascension, bearing entry number 442012; and in the case of Rosenberg v. Martin, No. 12491 of the docket of the 23rd Judicial District Court for the Parish of St. James, bearing entry number 442,013, be cancelled and erased from the records of the Parish of Lafourche, at the expense of Nathaniel B. Rosenberg. All costs of these proceedings shall be paid by Intervenor.
REVERSED AND RENDERED.