WATKINS, Judge.
This matter is before the court on an exception of no cause of action. The plaintiff, one of two general partners in Quinn-L Baton Rouge Partnership, a Louisiana in commendam partnership, is suing the partnership and all of the individual partners for dissolution, liquidation of the partnership assets and judgment in favor of the plaintiff in the amount owed him. By amended petition the plaintiff asks in the alternative that he be allowed to withdraw from the partnership and obtain a judgment in the amount owed plus an additional amount equal to the value of his partnership share at the time of his withdrawal, together with court costs. The trial court sustained the defendants’ exception of no cause of action. From this judgment, the plaintiff appeals. We reverse.
The plaintiff alleges the following facts in his petition. On December 30, 1975, the plaintiff and the defendants executed written Articles of Partnership, forming a Louisiana partnership in commendam, “Quinn-L Baton Rouge Partnership”. The partner *1212 ship was entered into for the purpose of acquiring, constructing, owning and managing an apartment complex located in East Baton Rouge Parish. Pursuant to the partnership contract, the plaintiff was to fulfill certain obligations for which he would receive approximately $120,000. in payment from the defendants. Plaintiff alleges that, although the plaintiff complied fully with the terms imposed upon him, the defendants have refused to pay him.
Prior to this action for dissolution, the plaintiff filed suit to recover the fees allegedly owed him under the partnership agreement. That suit was dismissed upon an exception of no cause of action. The dismissal was based on the legal principle that a partner cannot be required to account to his other partners for a debt arising out of their relationship as partners until the partnership has been liquidated and there has been a final accounting for all partnership assets and liabilities and a final settlement of all partnership affairs. On appeal, this court affirmed the judgment of the trial court. Bunch v. Quinn-L Baton Rouge Partnership, (unpublished reports, docket nos. 12,524 and 12,617, May 1979), writ denied 375 So.2d 952 (La.1979).
The plaintiff then filed this action for dissolution, liquidation and accounting of the partnership, asking in the alternative that he be allowed to withdraw from the partnership.
Basically, the defendants contend in their exception of no cause of action that the partnership contract is the law between the parties and as such provides the exclusive grounds for termination, dissolution and liquidation of the partnership, and for withdrawal of the partners. The portion of the partnership contract pertinent to dissolution and liquidation is set forth in the defendants’ exception of no cause of action as follows:
“18.01. The Partnership shall be terminated upon the first to occur of the following:
(a)Upon thirty (30) days notice in writing to the Partnership by Partners then owing (sic) seventy-five (75%) per cent or more of the Partnership stock; or
(b) The sale of all or substantially all of the property of the Partnership; or
(c) The expiration of the term of the Partnership; or
(d) One year after payoff of the mortgage covering the property of Jefferson Oaks Apartments Partnership located in Baton Rouge, Louisiana, described here-inabove unless the General Partners refinance such mortgage and place another mortgage thereon within said one year period in which case termination shall occur one year after any subsequent mortgage shall be paid in full or can-celled; or
(e) The Partners in Commendam shall vote to terminate the Partnership as set out in Paragraph 16.02 hereinabove.”
Withdrawal of the partners is provided for as follows:
16.02—
“A General Partner may resign upon obtaining the unanimous written consent of all of the Partners in Commendam with the exception of Wayne P. Bunch who may withdraw as a General Partner without the consent of any Partner only in the event that, that one certain option dated December 31, 1975 in favor of Quinn-L Corporation to purchase all of the right, title and interest in the Partnership belonging to Wayne P. Bunch is exercised. Upon the removal, resignation, death, bankruptcy or legal incapacity of Quinn-L Corporation, or its successor Managing General General Partner, the Partnership shall terminate, unless owners of Seventy-five (75%) per cent of the Partnership stock, agree within ninety (90) days thereafter to continue the Partnership.... ”
The plaintiff does not contend that any of these requirements have been fulfilled. Rather, he asserts that the articles of the Louisiana Civil Code pertaining to dissolution or alternatively to withdrawal apply to his case. The trial court sustained the defendants’ exception of no cause of action, although we were not favored with written reasons.
*1213 At the time the defendant partnership was created, the existing law gave the plaintiff a legal right to dissolve the partnership. Former LSA-C.C. art. 2887 provided:
“Although the partnership may have been entered into for a limited time, one of the partners may, provided he has a just cause for the same, dissolve the partnership before the time, even where inconveniences might result for the partners, and although it might have been stipulated that the partners could not desist from the partnership before the stipulated time.”
Therefore, under the law prior to 1981, the plaintiff was entitled to a dissolution upon a showing of “just cause.” Clearly, this right, based on just cause, could not be waived in the partnership contract. The law in effect at the time the partnership was created gave the plaintiff a legal right to dissolve the partnership and by the language of the code article this right existed irrespective of its absence from the articles of partnership.
By Acts 1980, No. 150, effective January 1,1981, the legislature replaced article 2887 with article 2821, which now reads:
“If a partnership has been constituted for a term, a partner may withdraw without the consent of his partners prior to the expiration of the term provided he has just cause arising out of the failure of another partner to perform an obligation.”
LSA-C.C. art. 2821 no longer provides for dissolution upon a showing of just cause, but rather for withdrawal of one of the partners upon such a showing. We are of the opinion that this right to withdraw, also based on just cause, exists irrespective of its absence from the articles of partnership, just as did the right to dissolve the partnership.
The plaintiff has alleged in his petition that pursuant to the partnership contract, he was to fulfill certain obligations for which he would receive approximately $120,000. in payment from the defendants. The plaintiff alleges he complied fully with the terms imposed upon him and that the defendants have refused to pay him. This is a sufficient allegation of just cause to establish a cause of action.
The plaintiff has therefore stated a cause of action under either article, although only one may be applied.
Legislation which affects substantive rights may not be accorded retrospective application unless it contains language expressly indicative of legislative intent to make it retroactive, and then only when constitutional guarantees such as due process, vested rights and inviolability of contracts will not be adversely affected thereby. Pounds v. Schori, 377 So.2d 1195 (La.1979).
Section 1 of Acts 1980, No. 150 revises, amends, and reenacts Title XI of Book III of the Louisiana Civil Code of 1820 and enacts a new Title XI containing LSA-C.C. arts. 2801 to 2848. Section 4 of Act 150 as amended by Acts 1981, No. 795 provides:
“Section 4. The provisions of this Act shall apply to all partnerships, including those existing on the effective date of this Act; but no provision may be applied to divest already vested rights or to impair the obligations of contracts. Vested rights shall include by way of example, and not by way of limitation, the right to use a partnership name.”
This is a clear expression by the legislature that the provisions of this Act were intended to apply to partnerships existing on the effective date of the Act, provided vested rights are not divested nor obligations of contracts impaired. It does not appear that a retrospective application of art. 2821 would operate to impair any obligations of the partnership contract. On the contrary, art. 2821 strengthens and adds vitality to the partnership contract, for under art. 2821 rather than terminating the partnership entity entirely, a partner can now withdraw, and leave the partnership intact. Nor would'the application of art. 2821 to the case at hand divest anyone of vested rights. Application of art. 2821 would allow the partnership to continue, and would therefore reach a result appar *1214 ently more favorable to the defendants than dissolution provided for under the old article.
The plaintiff is accorded the means under art. 2821 to ultimately obtain the judgment he desires. The plaintiff is seeking to recover the money allegedly owed him under the terms of the partnership contract. While it is true that he no longer has the right to dissolve the partnership, his motive for bringing the action for dissolution was to obtain a judgment against his partners, and a dissolution of the partnership was his only recourse.
An application of art. 2821 would not adversely affect the rights of the plaintiff, for upon withdrawal the plaintiff can pursue his claim against the partners as he could have done previously upon dissolution of the partnership. Therefore, the plaintiffs right to recover is not affected. We find that application of art. 2821 is appropriate in this case, where none of the parties’ rights would be adversely affected thereby, and the viability of the partnership contract would be protected.
For the foregoing reasons, the judgment of the trial court granting the defendants’ exception of no cause of action is hereby reversed. All costs of this appeal to be borne by the defendants.
REVERSED.