REDMANN, Chief Judge.
The question in this suspensive appeal, from mandamus ordering erasure from the mortgage records of a notice of lis pendens, is whether the pendency of an action by a minority of partners in commendam to terminate an ordinary partnership supports the recordation of such a notice. We conclude that it does not and we therefore affirm.
The basic facts are that defendant partnership has one general and several in com-mendam partners. The articles of partnership grant to the general partner the full and exclusive management of the partnership’s affairs, expressly including the authority to sell and otherwise deal in its immovable property (the purpose for which the partnership was formed). The general partner has given a listing agreement to sell the partnership’s property. Some of the partners in commendam attack the propriety of that agreement and therefore seek to terminate the partnership and to avoid that agreement.
The basic law is that a partnership is “a judicial person, distinct from its partners,” La.C.C. 2801 (as amended, La. Acts 1980 No. 150, applicable to existing partnerships, id. § 2). Immovables are owned by the partnership, art. 2806, rather than by the partners as owners in indivisión. A partnership may be judicially terminated, C.C. 2826, presumably for such cause as a sole general partner’s fundamental breach of the fiduciary obligation declared by art. 2809 [1]; but such a termination only occurs “by judgment of termination.” Art. 2830 provides that “When a partnership terminates [as “by judgment of termination,” art. 2826], the authority of the partners to act for it ceases ...implying that the authority continues until the judgment of termination is rendered.
Moreover, the termination of the partnership does not have the effect of transferring to the partners the ownership of the partnership’s immovables. Ordinarily the general partners’ authority to act for the partnership continues “with regard to acts necessary to liquidate its affairs,” C.C. 2830, and “a partnership is liquidated in the same manner and according to the same rules that govern the liquidation of corporations ..., retaining] its juridical personality for the purpose of liquidation,” C.C. 2834.
We conclude that the mere filing of a suit for termination of a partnership, together with recording a lis pendens notice, cannot be given the effect of terminating the partnership (or the authority of the general partners to act for it) prior to the “judgment of termination,” C.C. 2826. A contrary ruling would give to every partner in commendam the power to prevent the sole general partner from acting, by simply filing a suit and a lis pendens notice.
The notice of lis pendens statute, now C.C.P. 3751-3753, is basically negative: the mere pendency of an action asserting some interest in an immovable “does not constitute notice” to'third persons, art. 3751, unless notice thereof is recorded in the mortgage records. Recorded notice thus notifies third persons only of the pendency of the claim, and, in a case in which notice is necessary in order to preserve the claim as against third persons, the recorded notice preserves the claim.
But only claims directly affecting the property can fairly be allowed to be recorded as a quasi-encumbrance against the title. All of a debtor’s property is liable for his debts, C.C. 3182-3183, yet not every claim asserts an interest in specific property. A claim on a simple loan of money might result in a money judgment which, once itself recorded in the mortgage rec *907 ords, could thereafter create a judicial mortgage effective against third persons, C.C. 3321, 3329. Yet the notice of lis pen-dens statute does not permit a creditor who claims only an ordinary debt to tie up the debtor’s property by claiming, prior to judgment, that the creditor will, after judgment, record the judgment and thus then have a judicial mortgage affecting the debtor’s property.
The claim of the minority in com-mendam partners here is not a claim directly affecting the partnership property. Even if they are successful in their action to terminate the partnership, the partnership will remain the owner of the property until the partnership is fully liquidated, as noted above. These partners’ action is therefore not of the kind allowed to encumber the partnership’s clear title to its property, nor the general partner’s authority to act for the partnership, prior to the court’s judgment upon the merits of the action.
The recorded notice of lis pendens was therefore properly ordered erased from the mortgage records.
Affirmed.

. But see Bunch v. Quinn-L B.R. Partnership, 424 So.2d 1210 (La.App. 1 Cir.1982), for the view that just cause ordinarily authorizes withdrawal rather than dissolution.