CURRAULT, Judge.
This appeal arises from a judgment recalling a writ of mandamus filed by plaintiff, Peter J. Abadie, for the purpose of cancelling a notice of lis pendens filed in the mortgage and conveyance records of St. Charles Parish by defendant, Michael M. Timmerman.
The trial judge succinctly stated the facts as follows:
“This controversy began when Peter J. Abadie, Jr., the plaintiff in the mandamus action before this court, filed suit in Orleans Civil District Court seeking the dissolution of a joint venture and the return of money allegedly advanced by the joint venture to defendant Michael M. Timmerman. Abadie (hereinafter sometimes called plaintiff) alleged in the Orleans suit that the parties were engaged in ‘an oral joint venture ... to acquire, manage, develop and/or dispose of real property....’ and that the venture had invested in corporate stock, partnerships and immovable property.
“Plaintiff alleged in his Orleans Parish petition that he is the sole owner of 88 lots in AMA Heights Subdivision in St. Charles Parish, Louisiana. In connection with those lots, plaintiff alleged that ‘(Defendant) had breached his obligation of contributing time and effort to the joint venture as well as his specific agreement to market these lots, yet claims one-half of the equity in said property. Plaintiff is entitled to be declared the sole owner of said property, devoid of any equity claimed by (defendant)....’ One of the remedies which plaintiff sought in the Orleans suit was a judgment that ‘any claim made by defendant ... to any equity in ... (the) 88 lots ... be extinguished and (plaintiff) be recognized as the sole owner of this property and its equity.’ ”
Defendant denied the allegations in the Orleans suit, asserting in his answer that “these properties were acquired by, and *1386 are in fact owned by, the joint venture....” In his reconventional demand filed in the Orleans suit, defendant sought judgment declaring the extent of his interest in the real estate involved in the suit. In connection with these claims, defendant filed a notice of lis pendens in the official records of St. Charles Parish, where the 88 lots described above are located. Plaintiff then filed this mandamus proceeding in this court, seeking a cancellation of the notice of lis pendens.
On July 19,1984, a hearing on the matter was held; and on September 21, 1984, a judgment was rendered recalling the writ of mandamus and maintaining the lis pen-dens.
Plaintiff, Peter J. Abadie, thereafter perfected this appeal of the judgment specifying the following as error:
(1) The trial court erred in failing to find that the notice of lis pendens is illegal and subject to immediate erasure.
(2) The trial court erred in declining, for discretionary reasons, to issue a writ of mandamus.
Appellant argues on the first specification of error that the lis pendens is illegal in that (1) defendant’s claim to the 88 lots is based solely upon parol evidence; (2) title to immovable property may not be proved by parol evidence; (3) thus defendant’s action cannot “affect ... the title to ... immovable property”; and (4) accordingly, the notice of lis pendens is not authorized by LSA-C.C.P. Article 3751.
Appellant cites numerous cases to support the contention that the parol evidence rule excludes appellee’s claim to ownership of the 88 lots; and, thus, the litigation in Orleans does not support a notice of lis pendens.
Article 3751 of the Code of Civil Procedure provides that:
“The pendency of an action or proceeding in any court, state or federal, in this state affecting the title to, or asserting a mortgage or privilege on, immovable property does not constitute notice to a third person not a party thereto unless a notice of the pendency of the action or proceeding is made, and filed or recorded, as required by Article 3752.”
The Code further provides that the cancellation of a notice of lis pendens must be ordered in a judgment which is rendered against the party who filed the notice. LSA-C.C.P. art. 3753. However, an illegal or improper lis pendens is subject to cancellation prior to judgment. Karst v. Fryar, 430 So.2d 318 (La.App.3d Cir.1983).
The purpose of the notice of lis pen-dens is to give effective notice to third persons of the pendency of litigation affecting title to real property. The notice is not concerned with the merits of the litigation which prompted the notice. Dane v. Doucet Bros. Const. Co., Inc., 396 So.2d 418 (La.App. 4th Cir.1981).
In relation to a writ of mandamus, LSA-C.C.P. art. 3862 provides in pertinent part that:
“A writ of mandamus may be issued in all cases where the law provides no relief by ordinary means or where the delay involved in obtaining ordinary relief may cause injustice....”
In interpreting the article, the courts have held that:
“Mandamus is an extraordinary remedy and will never issue except when there is a clear and specific right to be enforced or when there is a purely ministerial duty to be performed. Smith v. Dunn, 263 La. 599, 268 So.2d 670 (1972); Gulf Federal Savings and Loan Assoc, v. Sehrt, 233 So.2d 268 (La.App. 1st Cir. 1970); West Carroll National Bank v. West Carroll Parish School Board, 136 So.2d 699 (La.App. 2d Cir.1961).
“A ministerial duty is one that the law so clearly imposes as to admit no exercise of judgment or discretion; it is specific and unequivocal. R & R Contracting & Development Co., Inc. v. City of Baton Rouge, 413 So.2d 596 (La.App. 1st Cir.1982); Mares v. Glasgow, 219 So.2d 19 (La.App. 4th Cir.1969); State v. Jeansonne, 144 So.2d 159 (La.App. 1st Cir. 1962).”
*1387 Windjammer, Inc. v. Hardy, 458 So.2d 493, 495 (La.App. 4th Cir.1984)
Thus, as the trial court noted, the issuance of a mandamus in this case is discretionary as the removal of the lis pen-dens is not a ministerial duty of the clerk of court absent a judgment. Furthermore, the right sought to be enforced herein is not one to which plaintiff is clearly entitled.
Appellant claims the right to the removal of the lis pendens is clear. In support he cites numerous cases invoking the parol evidence rule vis-a-vis claims to an interest in immovables. The articles of the Louisiana Civil Code which form the basis for this proposition are LSA-C.C. Article 2275 and LSA-C.C. Article 2276. The provisions of those articles are as follows:
Art. 2275. Verbal sale of immovables
Every transfer of immovable property must be in writing; but if a verbal sale, or other disposition of such property, be made, it shall be good against the vendor, as well as against the vendee, who confesses it when interrogated on oath, provided actual delivery has been made of the immovable property thus sold. Art. 2276. Parol evidence relative to written instruments
Neither shall parol evidence be admitted against or beyond what is contained in the acts, nor on what may have been said before or at the time of making them, or since.
In appellant’s petition for mandamus, as well as his petition for dissolution of the partnership and accounting, the fact of the joint venture is asserted and thus admitted. In the original suit, he further asserts that purpose of the agreement was to “acquire, manage, develop and/or dispose of real property.” The petition demands a settlement, and accounting of numerous transactions and properties. In respect to the property at issue here the petition states:
“Plaintiff is the sole owner of 88 lots located on Kennedy Street in Ama, Louisiana. Timmerman has breached his obligation of contributing time and effort to the joint venture as well as his specific agreement to market these lots, yet claims one-half of the equity in said property.
“Plaintiff is entitled to be declared the sole owner of the said property, devoid of any equity claimed by Timmerman, which is more fully described as: (Emphasis added)
The parol evidence rules do not apply in a controversy between parties on the same side of a written instrument where the obligation created by the writing is not the cause of action; i.e., where the action is not between the contracting parties and their privies. Wampler v. Wampler, 239 La. 315, 118 So.2d 423 (1960); Broadway v. Broadway, 417 So.2d 1272 (La.App. 1st Cir.1982), writ den. 422 So.2d 162 (La.1982); Decatur-St. Louis, etc. v. Abercrombie, 411 So.2d 677 (La.App. 4th Cir.1982). Neither does it apply where a party admits the opposing party’s interest in immovables under oath. LSA-C.C. art. 2275.
The cases cited by appellant do not involve an admission to another’s interest by the plaintiff who thereafter seeks to invoke the rule of LSA-C.C. 2275 to exclude evidence on the interest to an immovable. In those cases, resolution of the issue depended upon the legal inability of a party asserting the right in immovables to prove the existence of an oral agreement to transfer, assign or sell an immovable or to prove the existence of an oral agreement to modify terms of an act of sale subsequent to the act.
Three cases relied upon heavily by appellant are Martin v. Landry, 364 So.2d 178 (La.App. 1st Cir.1978); Hayes v. Muller, 245 La. 356, 158 So.2d 191 (1963); and Ingolia v. Lobrano, 244 La. 241, 152 So.2d 7 (1963). The Martin case involved an agreement to share in the profits of real estate and contracting operations. Thereafter, the defendants purchased mineral interests in certain property in their own names. The lis pendens was ordered removed there because the right to profits only entitled plaintiff in the original suit to *1388 an accounting and thus did not “affect” title to the mineral leases. In the Hayes case, which was an action on the merits, the plaintiff alleged an agreement to transfer in which he was entitled to share in the proceeds of a sale of a mineral lease. After rehearing, the Louisiana Supreme Court disallowed the claim and found that proof of the oral agreement to transfer and share was not allowed even for an accounting. The dissent disagreed and argued that the case did not involve a claim to the title and that it was simply a suit for accounting pursuant to a breach of fiduciary duty. Thus the dissent stated there was no legal prohibition of oral proof and there was no legal basis for refusing plaintiff the right to produce oral evidence. In the In-golia case, a lis pendens was ordered removed as the suit was for accounting predicated on an alleged oral partnership, the fact of which could not be proven by the party asserting the agreement by parol evidence. The facts here are clearly distinguishable.
In this ease, the court is presented with the moving party’s own admissions to another’s interest, not vice versa as in the cases cited by appellant. Further, this does not really involve a disposition of the kind contemplated by LSA-C.C. Art. 2275. No party is asserting an agreement to transfer, sell or assign.
The appellant herein does not deny the partner’s interest nor that the parties operated under a joint venture, but is asking the court to declare him “sole owner” because of a breach of the agreement to market the lots. Resolution of this issue must be reserved for a trial on the merits. In our opinion, this litigation affects the title to immovables, and the notice of lis pendens is properly recorded on the public records.
For the foregoing reasons, therefore, after a review of the law and evidence, the judgment recalling the writ of mandamus is hereby affirmed.
AFFIRMED.